J. M. HAGAMAN v. COMM'RS OF CLOUD COUNTY, *et al.*

1. ENJOINING TAXES, *For Mere Irregularities; Equity.* Equity will not as a rule interfere to restrain by injunction the assignment of tax-sale certificates on real estate, where the property is subject to taxation, on the ground of irregularities in the assessment and levy of the taxes and the proceedings of the sale, unless the party seeking equitable relief shall first pay or tender the taxes which are admitted to be due, or just, or which the court finds from the evidence ought to be paid.

2. EVIDENCE; *Best Must be Produced; Assessment of Taxes.* Where the assessment-roll has been properly filed with the county clerk, and no claim is made that it is lost, or that it cannot be produced by the county clerk, held, not erroneous for the district court to reject evidence tending to prove who made the assessment of the real estate in controversy.

*Error from Cloud District Court.*

INJUNCTION, brought by *Hagaman.* The opinion states all necessary facts. The district court, at the October Term 1875, gave judgment in favor of the defendants, the *Board of County Commissioners*, and *W. J. Campbell*, county treasurer; and *Hagaman*, plaintiff, brings the case here.

*Hagaman.& Houston*, for plaintiff.
*Strain & Sturges*, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This was an action to restrain the assignment of certain tax-sale certificates upon a number of lots belonging to the plaintiff in Concordia, and to have the said certificates, and the tax sales upon which they were based, declared void. On the trial, it appeared from the evidence produced by the plaintiff in error that the real estate was sold for the taxes of 1871, that it was subject to taxation for that year, but that certain irregularities existed in regard to the assessment and levy of taxes for that year, and also in the proceedings of the sales. The irregularities consisted chiefly in the assessment of the lots in gross, the levy of taxes in excess of the legal rates, and the want of a sufficient

notice of the time of sale. No evidence was offered that the taxes were wholly illegal and void; neither was it alleged in the petition, nor proven on the trial, that the plaintiff had paid or tendered any part of the taxes. The defendants demurred to the evidence of the plaintiff. The court sustained the demurrer; and we are asked to reverse such ruling.

Upon familiar principles, and by the repeated decisions of this court, the plaintiff is not rightly entitled to the relief demanded until he has done that justice, or offered to do it, which he exacts from others. He who seeks equity, must do equity. The action of the court in sustaining the demurrer was correct. (*Gulf Rld. Co. v. Morris,* 7 Kas. 210; *Comm'rs of Leavenworth Co. v. Lang,* 8 Kas. 284; *City of Ottawa v. Barney,* 10 Kas. 270; *Challiss v. Comm'rs of Atchison Co.,* 15 Kas. 49.) To the suggestion of counsel for the plaintiff, that if the court found any of the taxes illegal, the judgment should have been for the plaintiff, conditioned upon his pay-·ing the legal tax, not that he had no case in court, we cannot better reply than by using the forcible language of Mr. Justice Miller in *Bailey v. A. & P. Rld. Co.,* C. L. J., vol. 1, 502, that, "Whenever parties come into this court to ask this court to enjoin the collection of taxes, or the collection of part of a tax, if there is any part which they admit to be due or just, or which the court can see in the statement made in the bill ought to be paid, there must be an allegation in the bill conforming to the fact, that they have ·paid it, or that they have tendered it; and it is not a sufficient allegation to come and say that 'we are willing,' or even that 'we have paid it into the court,' because the state is not to be stayed in its revenue, which is admitted to be due, in that way; and a party claiming that he will not pay his taxes, or any portion of them, cannot screen himself during the course of a long litigation from paying that which must be paid, and which everybody can see must be paid, by setting up a contest over that which is doubtful, and which may, or may not, be necessary to be paid."

Upon the trial, the court refused to permit the following

question, viz.: "State, if you know, who assessed the real estate in Concordia for 1871?" The witness had previously testified who the assessor was, and from the question an attempt was being made to show that another than such assessor had made the assessment. As no claim was made that the assessment-roll was lost, or had never been filed, and as the records were the best evidence, we do not see the admissibility of the evidence sought to be introduced. The testimony was rejected because the assessment-roll was the better evidence, and the court committed no error in thus holding.

The judgment of the district court will be affirmed.

All the Justices concurring.