HELEN A. FRANZ v. CHARLES H. KREBS, *as County Clerk of Atchison County, et al.*

1. TAX SALE—*Action to Set Aside.* As a general rule, an action will not lie to set aside a tax-sale certificate, or restrain tax proceedings, without a prior payment or tender of all the legal taxes admitted to be due and payable.

2. ———— The facts in this case considered, and *held*, not to form an exception to the general rule.

*Error from Atchison District Court.*

ON the 28th day of April, 1885, *Helen A. Franz*, Hannah Lee Barron, Margaret L. Bird, Lorenzo F. Bird, and Anna S. Smith, guardian of Nathaniel S. Bird, an insane person, filed their petition against *Charles H. Krebs*, as county clerk of Atchison county, state of Kansas, John P. Brown and Frank Bier, partners as Brown & Bier, the city of Atchison, Kansas, and James A. Loper, as county treasurer of Atchison county, state of Kansas, to enjoin the county clerk of Atchison county from issuing a tax deed on a tax-sale certificate upon property belonging to them, which was based upon the sale of an alleged invalid macadam tax. Trial by the court without a jury. The court, after hearing the evidence and argument of counsel, made and filed the following conclusions of fact:

"1. The plaintiff, Helen A. Franz, is, and for several years last past has been, the owner of the west eight and ten-twelfths feet of lot four, and the east eight and ten-twelfths feet of lot five, all in block seventeen, in the city of Atchison, in Atchison county, Kansas, being a frontage of seventeen and eight-twelfths feet on Commercial street, between Fourth and Fifth streets.

"2. The plaintiffs, Hannah Lee Barron, Margaret L. Bird, Lorenzo F. Bird, and Anna S. Smith as guardian of Nathaniel S. Bird, an insane person, are, and for several years last past have been, the owners of the east thirty-six and two-twelfths feet of lot four, and the west thirty-six and two-twelfths feet of lot five, all in block seventeen in the city of Atchison, in Atchison county, Kansas, being a frontage of seventy-two and

four-twelfths feet on Commercial street between Fourth and Fifth streets; and also the east half of lot eight, in block fourteen, in the city of Atchison, county of Atchison, state of Kansas, fronting twenty-two and one-half feet on Commercial street between Fourth and Fifth streets.

"3. The defendant Charles H. Krebs is, and for several years last past has been, the county clerk of Atchison county, Kansas. The defendants Brown & Bier are, and for several years last past have been, partners under the firm-name of Brown & Bier. The city of Atchison is, and ever since early in the year 1881 has been, a city of the first class. The defendant James A. Loper is, and for several years last past has been, the county treasurer of Atchison county, Kansas.

"4. Said Commercial street had been before macadamized all of the distance between Fourth and Fifth streets, but before February, 1882, the macadam had become badly worn, in some places, into holes in the street. On February 13, 1882, the mayor and council of said city of Atchison passed a resolution declaring it necessary to macadamize said Commercial street between Fourth and Fifth streets, and also between certain other streets, which resolution of the council was duly published in the official paper of the city. On March 8, 1882, however, a majority of the owners of the property on Commercial street between Fourth and Fifth streets, resident in the city, and liable to taxation for said macadamizing, duly filed their protest against such improvement.

"5. On May 1, 1882, the engineer made a written communication to the mayor and council as follows:

"'In regard to the repairing of the Commercial street macadam, would state, that in the first place it is necessary to thoroughly clean off every particle of mud with the hoe, and by turning on the hydrants and giving each block, as the work is being done, a thorough scouring, then the old macadam to be loosened, and on an average of six inches of new macadam made of blue limestone, to be put on and well graveled with gravel that is free from loam or clay. This will require $10\frac{75}{100}$ cubic feet of macadam for each half of the street per front foot, or $314\frac{5}{10}$ for the whole block from center to center of the street. The costs will be as follows:

| | | |
|---|---|---|
| Loosing old macadam | $25 | 00 |
| 315 cubic yards of macadam at $2 | 630 | 00 |
| 150 loads of gravel at 75 cents | 112 | 50 |
| Total cost for 395 feet | $767 | 50 |

"'The cleaning and scouring to be done by the city.
               Respectfully submitted.      ALFRED MEIER, *City Engineer.*'

"This is the only estimate ever made or filed by said engineer for said work; and the same was not verified by the oath of the engineer.

"6. On May 12, 1882, the mayor and council passed another resolution declaring it necessary to macadamize Commercial street between Fourth and Fifth streets, and also between certain other streets. No protest against said improvement was ever filed with the city clerk, unless the protest mentioned in conclusion of fact four is to be construed in law as continuing with reference to said resolution of May 12, 1882.

"7. There was no money in the treasury applicable to such purpose, and no ordinance was passed requiring or authorizing the macadamizing to be done before the letting of the contract therefor, and no ordinance was ever passed relating to said macadamizing, except the ordinance levying the assessments hereinafter mentioned.

"8. The contract was let and said macadamizing was done, and on December 4, 1882, the appraisers appointed for the purpose filed their appraisement of the lots and parts of lots liable for said improvement. The appraisement is in all respects in due form of law, but the oath of the appraisers was taken before and administered by the city clerk. On December 11, 1882, the mayor and council met as a board of equalization, and proceeded to equalize the valuations.

"9. On August 20, 1883, the mayor and council duly passed an ordinance levying assessments for said improvements, which ordinance was duly published in the official paper of the city on August 23, 1883, and the city clerk duly certified a copy thereof to the county clerk, on August 24, 1883. Said ordinance included levies upon the lots affected by this controversy, as follows:

W. $8\frac{10}{12}$ feet of lot 4, block 17.................................$15 04
E. $9\frac{3}{12}$ feet of lot 5, block 17................................. 15 90
E. $\frac{1}{2}$ lot 8, block 14......................................... 38 14
E. $36\frac{1}{2}$ feet, lot 4, block 17.................................. 61 24
W. $35\frac{9}{12}$ feet, lot 5, block 17................................ 60 37

"10. Said assessments were duly placed upon the tax-roll for 1883. The plaintiff Helen A. Franz paid the first half of her tax upon the said property described as belonging to her, except said special assessment for macadamizing, but she did not pay and has not yet paid any part of the second half of her taxes or assessment upon said property. The other plaintiffs duly and seasonably paid all their taxes on the said property described as belonging to them, except said special assessment for macadamizing, none of which has ever been paid.

"11. Said parts of lots were duly advertised for sale by the

county treasurer, and on September 2, 1884, he offered for sale said W. $8\frac{10}{12}$ feet of lot 4, and said E. $9\frac{3}{12}$ feet of lot 5, block 17, for the taxes and said special assessment remaining due thereon, and no person offering to purchase the same, the county treasurer bid off the same for the county for the sum of $77.66. On September 19, 1884, the defendants Brown and Bier paid into the county treasury a sum equal to the cost of redemption, being the sum of $78.16, and the tax-sale certificate was duly issued, assigned and delivered to them. At the same time the county treasurer offered for sale the E. $\frac{1}{2}$ of lot 8, block 14, aforesaid, and no person offering to purchase the same, he bid it off for the county of Atchison for the sum of $44.09. On September 19, 1884, said Brown and Bier paid into the county treasury an amount equal to the cost of redemption, being the sum of $44.59, and a tax-sale certificate was duly issued, and assigned and delivered to them. At the same time the said county treasurer offered for sale the E. $36\frac{2}{12}$ feet of lot 4, block 17 aforesaid, for the said delinquent assessment, and also for another delinquent assessment of $48.09, which is not contested in this action, being an aggregate of $125.96, but no person bidding on the same, he bid off the same for said sum for the county of Atchison. On September 19, 1884, the defendants Brown and Bier paid into the county treasury an amount equal to the cost of redemption, being the sum of $126.49, and a tax-sale certificate was duly issued, assigned and delivered to them. At the same time the said county treasurer offered for sale the said W. $35\frac{9}{12}$ feet of lot 5, block 17 aforesaid, for the said special assessment amounting to $69.40, but no person offering to pay the same, he bid it off for the county of Atchison for said sum. On September 19, 1884, said Brown and Bier paid into the county treasury an amount equal to the cost of redemption, being $69.90, and a tax-sale certificate was duly issued, assigned and delivered to them."

The plaintiffs offered on the trial to make good the offer made in their petition as to the payment of taxes conceded to be legal and past due. And thereupon the court made and filed the following conclusions of law:

"1. The plaintiffs, Hannah Lee Barron, Margaret L. Bird, and Lorenzo F. Bird, and Anna S. Smith as guardian for Nathaniel S. Bird, an insane person, are entitled to the relief prayed for in said petition, as to W. $36\frac{2}{12}$ feet of lot 5, block 17,

and E. ½ lot 8, block 14, all in the city of Atchison, said special assessment and the tax-sale certificates based thereon being wholly void as to them.

" 2. Owing to the failure of the plaintiff Helen A. Franz to pay the second half of her general taxes, she is not entitled to an injunction herein upon the real property described as belonging to her, the tax-sale certificate not being wholly void. And owing to the failure of the other plaintiffs to pay the other special assessments of $48.09 on E. 36$\frac{2}{12}$ feet of lot 4, block 17, in the city of Atchison, they are not entitled to any injunction as to said tract, the tax-sale certificate therefor not being wholly void.

" 3. The plaintiffs are not entitled to any remedy as against the said James A. Loper, county treasurer.

" 4. The costs in the action should be equally divided between the plaintiffs and the city of Atchison, defendants."

Subsequently judgment was rendered accordingly. The plaintiff *Helen A. Franz* excepted, and brings the case here.

*L. F. Bird,* for plaintiff in error.

*Waggener, Martin & Orr,* for defendant in error J. P. Brown.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought by Helen A. Franz to enjoin the county clerk of Atchison county from issuing a tax deed upon a tax-sale certificate, dated the 2d of September, 1884, on certain real estate situated in Atchison city. There was included in the amount of the taxes for which the real estate was sold, an illegal macadam tax. In the facts specially found by the trial court were the following:

"10. Said assessments were duly placed upon the tax-roll for 1883. The plaintiff Helen A. Franz paid the first half of her tax upon the said property described as belonging to her, except said special assessment for macadamizing, but she did not pay and has not yet paid any part of the second half of her taxes or assessment upon said property."

The court also found as a conclusion of law, that:

" 2. Owing to the failure of the plaintiff Helen A. Franz to pay the second half of her general taxes, she is not entitled

to an injunction herein upon the real property described as belonging to her, the tax-sale certificate not being wholly void."

It is conceded that all the taxes levied upon the real estate, for which it was sold, were legal, except the special macadam tax. It has been frequently decided by this court that an action will not lie to set aside a tax-sale certificate or restrain a tax proceeding, without a prior payment, or tender, of all the legal taxes admitted to be due and payable. (*Hagaman v. Comm'rs of Cloud Co.*, 19 Kas. 394; *Knox v. Dunn*, 22 id. 683; *Miller v. Ziegler*, 31 id. 417.) In this case, the amount of legal taxes was not in dispute, and therefore the rule applicable to other cases generally will be applied to this. Counsel contend, however, that this case should form an exception. It appears from the evidence, not from the findings, that the plaintiff, through her agent, on June 20, 1884, made an arrangement with the county treasurer of the county to furnish him with a list of the property she desired to pay taxes on, and that he would make out the receipts for the taxes after the "rush was over." On July 3, 1884, the agent called on the treasurer for the tax receipts; he received the same and paid $431.48, the amount stated therein. The second half of the taxes for 1883, upon the real estate of the plaintiff in dispute, was not embraced in the receipts, and was not paid. This fault or neglect cannot be wholly thrown upon the county treasurer.

First, the list of property furnished by the plaintiff to the treasurer was not full, complete and definite; second, the treasurer, in making out the receipts and delaying payment thereon to July 3, 1884, was acting for the benefit and accommodation of the plaintiff; third, the plaintiff and her agent failed to examine the tax receipts when they were obtained and paid for; and subsequently permitted her property to be advertised and sold for taxes, and a certificate thereof to be transferred to a third party. Evidently the plaintiff was guilty of *laches* in failing to pay or tender the second half of her general taxes admitted to be legal and due. She was not attentive or diligent in the matter, and is not entitled, under

the facts of the case, to have the tax-sale certificate set aside or the injunction prayed for granted.

The judgment of the district court will be affirmed;

All the Justices concurring.