THE PARSONS NATURAL GAS COMPANY V. J. R. ROCK-HOLD, *as Treasurer, etc., et al.*

No. 15,886.   ( 100 Pac. 639.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Presumption—Money Advanced by a Customer—Taxation.*  Money prepaid by a customer to a gas company in anticipation of an indebtedness to the company for gas about to be furnished and as a guaranty or security for the return by the customer of a meter and other property furnished by the company should, on a trial of the question whether such money should be assessed against the company for taxation, be presumed to be the property of the company until, at least, the company proves that the obligations of the customer have been discharged without the application of such prepayment.

2. CONTRACTS — *Pledge — Payment.*  By the terms of the contracts under which the fund in question was assembled the five dollars deposited by each customer was a pledge so long as no unpaid obligation accrued against him, and to the extent any default of payment of money due under the terms of the contract accrued the five dollars became a payment.

3. TAXATION — *Pledge.*  The owner and not the holder of a pledge should pay the taxes thereon.

4. ——— *Enjoining Collection—Tender.*  If the company was liable for the taxes upon any portion of the 4800-dollar fund it was not entitled to maintain injunction against the collection of the tax as levied until it had tendered payment of the taxes on such portion.

Error from Neosho district court; JAMES W. FINLEY, judge.  Opinion filed March 6, 1909.  Affirmed.

STATEMENT.

THE gas company received in the aggregate $4800, which it deposited in the bank, and which sum was made up by the payment to the company of $5 by each consumer as a condition precedent to receiving gas. The payment was made upon the following written contract:

"Second. To pay to said company the sum of $—— as an advance payment on account of the gas to be used, and as a guarantee or surety for the return of meter and other property of the Parsons Natural Gas Company in good condition. On termination of this contract, all gas consumed having been paid for, and meter and other property returned in good and satisfactory condition, the advance payment made by consumer will be returned."

When the assessor called upon the president of the company for a statement of the company's property he was furnished a list of the property of the company which omitted this item of money deposited. The president informed the assessor of the amount of money on deposit but refused to list it. About three days thereafter the assessor made out a list including the same articles of property, with this item added, "Money advanced by consumers, $4800," and valued it at one-third, or $1600.

The taxes levied against the company by reason of this item is $138.24. The company paid its taxes except this amount, and brought this suit to enjoin the collection thereof. The court refused the injunction, and the company prosecutes error.

*Nelson Case,* for plaintiff in error.

*C. E. Pile,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: The company contends that the court erred in holding that this item of property was legally assessed, in that as the company made a statement and

list of its property, as required by section 7586 of the General Statutes of 1901, the assessor had no legal right to make out a list himself, as provided by section 7588 of the General Statutes of 1901.

It appears from the evidence of Mr. Connelly, the president of the company, that the company received this item of money from its customers and deposited it in a bank with the general account of the company, and subject to check, the same as other money of the company; that the company checked on this account for its general expenses, including new material, and did not always have the full amount thereof in the bank, but used the same as any other money belonging to the company; that at the time the assessor called upon him he informed the assessor that the money was deposited in the bank and that he refused to list it in the assessment statement.

If the money was liable to assessment, then the assessor was authorized under section 7588, *supra,* to list and value this item of property, although the listing officer of the company had made a list and statement as required by section 7586, *supra.* It follows that this assignment of error is not well taken.

It is contended that this item of money was not the property of the company, but belonged to its customers. The company was seeking to enjoin the collection of the tax, and the burden of proving its claim that this item of money was not its property rested upon it, and it offered no evidence to prove the fact other than the contract under which it was received and the opinion of the president, which was not competent evidence. Under the conditions of the contract every dollar of the money may have been absolutely the property of the company; and, at least until the company offered evidence to show what amount of it, if any, the company was under obligation to return to its customers, the money should be presumed to be entirely the property of the company. It used the money as its own, and did

not, in fact, hold it in trust, but treated its liability to return any portion of it as an indebtedness.

By the terms of the contract under which the fund in question was assembled the $5 deposited by each customer was a pledge so long as no unpaid obligation accrued against the customer, and to the extent any default of payment occurred the $5 became a payment thereon. The owner and not the holder of a pledge should pay the taxes thereon, and, if any portion of the $4800 had by the terms of the contract become a payment to the company, to that extent it was the money of the company and the company should pay taxes thereon, and it was not entitled to maintain an injunction against the collection of the taxes as levied until it had tendered payment of such portion. The company offered no evidence as to its rights in the fund on the first of March of the year for which the taxes were levied, and neither pleaded nor offered proof of a tender of payment on any portion of the fund. In short, if the plaintiff had any cause of action it failed to produce the evidence in support of it. (See *Hagaman v. Comm'rs of Cloud Co.*, 19 Kan. 394.)

The judgment is affirmed.