THE ROYAL SALT COMPANY, *Appellant,* V. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ELLSWORTH *et al., Appellees.*

No. 16,777.

SYLLABUS BY THE COURT.

TAXATION—*Injunction—Fraudulent Assessment—Demurrer to Petition.* While the decision of the tax commission in fixing and equalizing the assessment of property is plenary and final when honestly, although erroneously, made, the petition of a taxpayer for an injunction, in which it was alleged that the tax commission had fixed an exorbitant and excessive valuation upon plaintiff's property, one which the commission knew to be grossly excessive, and that it had placed a valuation on plaintiff's property much higher than it had placed on similar property owned by others, stated a good cause of action for equitable relief, and the demurrer thereto should have been overruled.

Appeal from Ellsworth district court; ROLLIN R. REES, judge. Opinion filed March 12, 1910. Reversed.

*Ira E. Lloyd,* and *N. F. Nourse,* for the appellant.
*Dallas Grover,* for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Royal Salt Company, which is engaged in mining, crushing and refining salt in Ellsworth county, brought this action against the board of county commissioners and the county treasurer of Ellsworth county to enjoin the enforcement and collection of taxes levied upon its salt plant. The plant consists of ground four acres in extent, together with buildings, machinery and improvements erected and placed thereon for crushing and refining the product of the mines. It is alleged in the petition of the salt company that in 1908 the county assessor assessed its property at $400,000; that an appeal was finally taken from the decision of the local authorities to the tax commission, and upon a hearing that tribunal found "that the actual

value in money of the salt plant of the Royal Salt Company, including everything in the way of property and rights appertaining thereto, is $260,000." This valuation, it is alleged, is not only excessive, but the tax commission knew it to be grossly excessive when they placed a valuation on the property of the company. It is specifically alleged that the actual value of the property was not more than $75,000, and that the commissioners well knew that it was not worth more than that sum. It is further stated that appeals from assessments of the plants of other salt companies were pending before the tax commissioners at the same time as the appeal in the present case, and that the decisions in those cases illustrated the arbitrary and illegal action of the commission in the valuation of the property of the appellant. It is averred that the testimony showed beyond dispute that the plant of the Crystal Salt Company was worth more than that of the Royal Salt Company, and yet the former was only assessed at $92,000. Again, that the plant of the Bevis Rock Salt Company was of a greater value than that of the Royal Salt Company, and yet it was assessed at only $45,000. Another case was the plant of the Kingman Salt Company, which was equally as valuable as that of the Royal Salt Company and which was only assessed at $71,360. It is averred that every member of the tax commission knew that each of these plants was of equal or greater value than appellant's property, which was assessed at $260,000. In another averment of the petition it appears to be conceded by appellant that its property was of the value of $97,250.67, but it is positively alleged that the tax commission, and each member of it, not only discriminated in favor of other salt companies, but that they knowingly placed a valuation on appellant's property much more than double its actual value.

The case must be determined on the averments of the petition. On the demurrer to that pleading the al-

legations of appellant are to be taken as true. They are to the effect that the tax commission assessed the property of appellant at $260,000, when the members each knew that it was of less value than $100,000. This charges a conscious disregard of duty which amounted to a fraud upon appellant. If they assessed another salt plant at $45,000, knowing that it was of greater value than that of appellant, which was placed at $260,000, it was an intentional discrimination and a fraud upon appellant, and if the assessment against appellant is excessive it affords good grounds for the interposition of a court of equity. Taxes will not be enjoined merely because they seem to the court to be excessive. The duty and discretion of placing a valuation on property for purposes of taxation is devolved on the assessing officers, and a court may not assume this task merely because its judgment of value differs from that of the officers. Mere error of judgment of the assessing officers is no reason for interference by a court, but a taxpayer is entitled to the honest judgment of the assessing officers. If an assessment is fraudulently made excessive, or if it is arbitrarily or capriciously made and is so out of proportion to the actual value as to give reasonable assurance that the officers could not have been honest in fixing the valuation, courts of equity are justified in enjoining the enforcement of the tax. (*Symns v. Graves,* 65 Kan. 628; *Finney County v. Bullard,* 77 Kan. 349; *Electric Co. v. Jackson County,* 81 Kan. 6.) In this case the pleader did not leave the matter of the honesty of the assessment to inference, but directly charged that the assessment was fraudulently made. It may be, as appellee asserts, that these allegations, so broadly and positively stated, can not be established by proof, and it may be that the principal contention in the court below was as to the theory on which the assessment should have been made, but the averments of the petition, which for the present must be accepted as true, show that the

assessment is both excessive and fraudulent, and hence the appellant is entitled to equitable relief.

In addition to the charge of fraudulent assessment, appellant contends that its property was valued on the wrong theory. The fact that the commission did not obtain the best evidence of value or adopt the best plan in estimating the value of the plant does not entitle appellant to injunction. It must appear that the theory in its practical operation was hurtful to appellant, and that through the arbitrary, capricious and fraudulent action of the taxing officers an unjust assessment was made by which appellant would be required to pay more than its share of the public burdens. It is not enough that the assessment of other salt companies may be proportionately less than its own, or even less than they should have been, for if appellant's assessment is not excessive and it is not required to pay more than its share of the taxes it is not entitled to equitable relief. (*Finney County v. Bullard,* 77 Kan. 349.) Nor are the taxing officers required to value the ground of appellant as if it were ordinary agricultural land. Its value depends largely upon the quantity and quality of the salt deposits under the surface of the land, and is not governed merely by the quantity of salt mined and refined during the preceding year. The tax commission, in fixing and equalizing values, may avail itself of any information it possesses or can obtain that will enable it to make a just estimate of the actual value of the plant, and its decision, although erroneous, is absolute and final when it is fairly and honestly made.

As the petition states a cause of action the demurrer should have been overruled and the case tried on its merits, and for this error the judgment is reversed and the cause remanded for a new trial.