No. 34,217

CHARLES HANZLICK, N. J. WARD et al., *Appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF REPUBLIC, CHARLES H. STRNAD, County Clerk and Assessor, and G. P. PLOTNER, County Treasurer, *Appellees*.

(88 P. 2d 1111)

Opinion filed April 8, 1939.

668

*N. J. Ward,* of Belleville, for the appellants.

*Guy E. Ward,* county attorney, and *R. E. McTaggart,* of Belleville, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for a declaratory judgment and a mandatory injunction to require a revaluation of certain real estate for purposes of taxation. Judgment was for defendants, sustaining a demurrer of the defendants to the petition of plaintiffs. Plaintiffs appeal.

The petition first alleged the ownership of certain real estate to be in plaintiffs and the official position of certain defendants as the county clerk, county assessor and county treasurer. The petition then alleged that the parcels of the real estate involved were valued for the year 1938 in certain named sums; that thereafter applications were made to the county board of equalization for relief from these valuations, asserting that they were excessive; that a hearing was had before the county board of equalization and that board reduced the valuation on two parcels of the real estate, but refused to make any change in the valuation of the others. The petition then alleged appeals were taken to the state board of equalization, wherein the reduction of these valuations to the actual value of the real estate in question was sought; that after a hearing these appeals were dismissed and relief denied; that these valuations were greatly in excess of the actual value of the real estate in question, and the deputy county assessor, the county board of equalization and the state board of equalization knew such to be the fact. The petition then alleged that the real estate in question was located in school district 14 in Republic county, and that this school district had made assessments amounting to about two percent of the assessed valuation of property located in the district; that the district consisted of property located within the city of Belleville and certain real estate adjoining the city. The petition next alleged that the real estate within the city of Belleville was assessed for 1938 at about two-thirds of its actual value, whereas the real estate of plaintiffs within district 14 was assessed in excess of its real value, with the result that the land of plaintiffs would be required to pay more than its share of the taxes for school district 14, and that this caused the land of plaintiffs to be less valuable than other similar land located outside of district 14. The petition next alleged that

all these facts and circumstances were pointed out to the deputy county assessor, to the county board of equalization and to the state board of equalization; that these officers and boards took the position that the actual values of the real estate of these plaintiffs was immaterial, and that the net income from such property was immaterial, and that the amount of taxes heretofore assessed and to be assessed against such property was immaterial, and the fact that there was a discrimination between the values of the property within the city of Belleville and the property of these plaintiffs was immaterial, and the fact that lands similar to those of these plaintiffs, but outside of said school district, were required to pay considerably less taxes than the lands of these plaintiffs, was immaterial; that these officers and boards took the position at the times mentioned and acted accordingly in fixing the values upon these plaintiffs' lands; that they had but one duty to perform and that was to equalize the values of the real estate of these plaintiffs with similar lands in the state of Kansas without respect to the actual values thereof, without respect to the taxes heretofore paid and to be paid thereby, without respect to the net income therefrom and without respect to the values placed upon property within the cities of the state of Kansas, especially that of the city of Belleville. The petition then alleged that on account of the above facts plaintiffs would be compelled to pay for 1938, and annually thereafter, more taxes than if the real estate of plaintiffs had been assessed at its actual value, and that the assessments stated were "arbitrarily and capriciously" made by the officers and boards in question in disregard of the laws applicable thereto; that plaintiffs were ready to pay their proper share of the taxes, but until correct valuations were placed upon their property they were unable to determine the amount of taxes to be assessed against their properties for 1938. The petition then alleged that the assessed values of the different parcels of plaintiffs' real estate should not exceed an amount alleged in the petition for such parcel.

The prayer of the petition was as follows:

"Wherefore, these plaintiffs pray that the court determine the actual values in money of such real estate, and require these defendants to place the same upon the tax rolls of Republic county, Kansas, and enjoin these defendants, and each of them from assessing and collecting any taxes upon the valuation as now fixed by the said assessing officers and boards; and that the court grant such other and further relief as is just and equitable in the circumstances; and that these plaintiffs recover their costs."

To this petition the defendants interposed a general demurrer on the ground that the trial court had no jurisdiction of the subject matter of the action and the petition failed to state sufficient facts to constitute a cause of action. This demurrer was sustained, hence this appeal.

The principal point upon which defendants rely is that the trial court had no jurisdiction of the subject matter of the action because under the statute the method provided for assessment and appeal to the county board of equalization, and from that to the state board of equalization, constituted an adequate remedy at law and no provision had been made for an appeal to the courts.

It should be noted the action was brought upon the theory that the real estate owned by plaintiffs was valued in excess of its actual worth, while real estate in the city of Belleville, and within the same school district, was valued at about two-thirds of its value and this placed an unjust burden upon plaintiffs. It is not too much to assume that the cause of this action being brought was the rather heavy school levy of two percent.

Plaintiffs rely upon the provision of our constitution that the legislature shall provide a uniform and equal rate of taxation and authorities construing that provision. There can be but little question but what the position of defendants would be good if the difference between the valuation of the two classes of real estate were a mere error in judgment. (See *Symns v. Graves*, 65 Kan. 628, 70 Pac. 591, and *Finney County v. Bullard*, 77 Kan. 349, 94 Pac. 129.)

All the authorities on this subject state an exception to the general rule that where there is conduct on the part of any officer or board amounting to fraud the courts will intervene. The real question, then, in this case is whether there is a sufficient allegation that the assessor or county board of equalization was guilty of fraud or conduct amounting to fraud.

The allegation upon which plaintiffs rely in the main has already been noted in this opinion. The fact that the officers did not have resort to the methods of determining values that are mentioned in the petition is not important. The assessor had the right to use any means within his reach in arriving at a correct value for the lands of plaintiffs. See *Salt Co. v. Ellsworth County*, 82 Kan. 203, 107 Pac. 640. There the court said:

"The fact that the commission did not obtain the best evidence of value or adopt the best plan in estimating the value of the plant does not entitle appellant to injunction." (p. 206.)

The crucial point in this case is the allegation that the assessor and the county board of equalization "took the position that the actual values of the real estate of these plaintiffs was immaterial." This allegation must be read in connection with other allegations as to the value placed on the various parcels of the real estate of plaintiffs, and the allegation as to what the assessed value of the various tracts should have been.

When this petition is examined we find that the above allegation is but little more than a conclusion as to what went on in the minds of these officials as to the reason for reaching the conclusion they did reach. Indeed, there are allegations in the petition that tend to contradict this general allegation. An instance of this is the statement that in the case of two of these parcels of real estate the valuation placed upon them by the assessor was reduced somewhat when the hearing was had before the county board of equalization. It can hardly be said in view of this circumstance that the conduct of the assessor and the board was fraudulent. The language used in this petition is only another way of stating what was said in the petition in *Finney County v. Bullard,* supra. In that case the plaintiff charged that his land had been assessed on an improper and illegal basis and proportionately higher than a different class of lands in the same county. The trial court found that the lands of the plaintiff were assessed at more than forty percent of their actual value in money; that the unimproved alfalfa lands of Finney county were assessed in the year 1902 at twenty-five percent of their actual value; and that the improved alfalfa lands were assessed at less than twenty-five percent of their value. Based on this finding, the court awarded a permanent injunction to the plaintiff. This court reversed that judgment, and said:

"The courts are not charged with the powers and duties of assessors, and have no right to review the decisions of those officers as to the value of property. The legislature has placed the responsibility upon the assessors in the first instance, and in case an owner of property is dissatisfied with their assessments he may appeal to the board of equalization to review values and correct mistakes of judgment. When the statute prescribes a method for revising or correcting unequal assessments, that remedy alone must be followed. Since the statute gives no right of appeal from the board of equalization, its opinion and judgment as to valuation are plenary, and it is not within the power of the courts to interfere with a tax merely because the assessment is excessive or unequal." (p. 354.)

The court further said:

"It is not found by the trial court—nor does there appear to have been any ground for finding—that the officers were actuated by fraud, corruption, or conduct so oppressive, arbitrary or capricious as to amount to fraud. It is true that the officers failed to assess the property of the county on the basis of its cash value, which was a plain departure from the requirements of the statute; but it does not appear that, under the system of valuation adopted, Bullard was required to pay more than his just proportion of the taxes, if all the property of the county had been fairly and regularly assessed." (p. 355.)

This case has been generally followed on the question we are considering. (See *In re Chicago, R. I. & P. Rly. Co.*, 140 Kan. 465, 37 P. 2d 7.)

An examination of the prayer of this petition will demonstrate that the reason for the decision in *Finney County v. Bullard*, supra, is as good now as it was then. To hold otherwise would mean that every time a landowner was dissatisfied with the amount at which his real estate was assessed he could commence an action and allege that the assessor and board of equalization had not considered the actual value of his real estate. Under such a condition the assessments never would be finished and taxing bodies never would be able to arrange their financial affairs. The result of a decision favorable to the contention of plaintiff would be to undo the work of assessing officers in this county. The courts can in no event fix a value of property for the purposes of taxation. The only function of a court in such a case is to determine whether the valuation was arbitrarily or unreasonably made. (See *Union Pac. Rld. Co. v. State Tax Comm.*, 145 Kan. 715, 68 P. 2d 1.) The work of assessing property for taxation must be done speedily and the result must not be long in doubt. Had the prayer of this petition been granted, then all the property in Republic county would have to be reassessed. Chaos would be the result. The matter of first consideration is that the business of government should be carried on. All these considerations gave rise to the rule announced early in the history of our state that in the absence of fraud, or conduct amounting to fraud, the conclusion reached by the statutory officers and boards as to the tax value of real estate will not be disturbed by the courts.

The judgment of the trial court is affirmed.