No. 35,251

H. LLOYD RANDEL, *Plaintiff*, v. FRED W. KNAPP, as City Clerk of the City of Topeka, *Defendant*.

(111 P. 2d 891)

Opinion filed March 29, 1941.

*Edward Rooney* and *Jacob A. Dickinson*, both of Topeka, for the plaintiff.

No appearance was made for the defendant.

*Per Curiam:* This is an original proceeding in mandamus. Briefly stated, plaintiff in his motion for the writ alleges that he is, and for more than ten years last past has been, a resident of the city of Topeka; that at the primary election for the nomination of city officials held March 24, 1941, he was one of the candidates for nomination for the office of commissioner of finance and revenue and received the second highest number of votes of the candidates for

that office; that at the same election one M. P. Jones was a candidate for the nomination for the same office and received the highest number of votes (at the argument on the motion we were told there were two other candidates for the nomination); that our statute, G. S. 1935, 13-1801, requires as a qualification for said office that the commissioner be a resident of the city of Topeka for three years immediately preceding his election; that M. P. Jones has not been a resident of the city of Topeka for the last three years but in fact is and has been a resident of Reading in Lyon county, and on August 8, 1938, voted at that precinct, claiming to be a resident and citizen thereof; that it is the duty of defendant, as city clerk, to prepare the ballot for the city election to be held April 1, 1941, and that he is preparing and is about to distribute such ballots with the name of M. P. Jones as one of the nominees for the office in question.

The prayer of the motion is that a peremptory writ of mandamus issue commanding defendant to cause such ballots to be printed omitting therefrom the name of M. P. Jones as the nominee for the office of commissioner of finance and revenue.

Having considered the motion and the argument of counsel and being fully advised in the premises, it is by the court adjudged and ordered that the motion for the writ be denied and that the action be dismissed for the following reasons:

1. The relief sought is injunctive relief and this court has no original jurisdiction in injunction.

2. That the statute G. S. 1935, 13-1705, makes it the duty of defendant as city clerk, in preparing the official ballot for the city election to be held April 1, 1941, to include thereon the names of the two candidates who received the highest number of votes for nomination for the office at the primary election.

3. The motion for the writ alleges defendant is preparing the ballots in harmony with this statute. This court is not justified in commanding defendant not to do what the statute requires of him.

Other reasons might be given, but these are deemed sufficient. In view of our conclusions, we do not find it necessary to determine any question respecting the eligibility of Mr. Jones for the office.