No. 45,213

GEORGE HARSHBERGER, JR., RICHARD L. JOHNSON, WESLEY BLACK, JOE D. CONVERTH, ROBERT NEWELL, RUSSELL E. FISCHER, GUY D. JOSSERAND, NORBERT TASSETT, CLEO NORRIS, EDWARD MOLITOR, DELMAR STONE, ROY A. MANN, LOUIS E. BECK, J. I. WILCOXEN, and DEAN SHELOR, for Themselves and for All Persons Similarly Situated, *Appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FORD; RALPH E. ORINGDERFF, County Clerk and ex officio Assessor of Ford County, Kansas; and ALICE M. ROGERS, County Treasurer of Ford County, Kansas, *Appellees.*

(442 P. 2d 5)

Opinion filed June 8, 1968.

*James A. Williams,* of Dodge City, argued the cause, and *Byron G. Larson, George Voss* and *Ken W. Strobel,* all of Dodge City, were on the briefs for the appellants.

*David L. Patton,* County Attorney, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This is an injunction action brought in the district court of Ford County, Kansas to enjoin the assessment and collection of ad valorem taxes claimed to be illegal because of unequal assessment in separate taxing districts.

The plaintiffs are fifteen owners of non-exempt real and tangible personal property subject to taxes in Ford County. This action was brought for themselves and all persons similarly situated. The defendants are the Board of County Commissioners, the County Clerk and the County Treasurer of Ford County.

The case was determined on defendants' motion for summary judgment which was considered on the pleadings, interrogatories and depositions. The undisputed facts before the trial court may be summarized for the purpose of considering the limited issue before us.

In 1963, the Kansas Legislature enacted laws relating to uniform assessment rates of property subject to ad valorem taxes, and provided that from and after January 1, 1964, all real and tangible personal property subject to general property taxes should be assessed uniformly and equally at 30% of its justifiable value, as defined and provided in the Act, K. S. A. 79-1439. Since that time the various counties of the state have been engaged, in differing degrees, in reappraising the property within their borders to comply with this law.

However, as of August 21, 1967, the date of the hearing on defendants' motion for summary judgment in this case, only 55 counties in the state of Kansas had taken the necessary steps to assess their real and personal property for ad valorem tax purposes at 30% of justifiable value, and 50 counties had not completed the necessary steps. At least one county, Shawnee, will not be ready before 1969. Only one county, Hodgeman, of the six counties bordering Ford County, has completed its reappraisal.

None of the other counties bordering Ford County have completed their reappraisal and, therefore, none of them are using the new valuations and assessments of 30% of justifiable values in 1967.

The plaintiffs contend that since the state levies a one and one-half (1½) mill tax on all the property in the state of Kansas subject to ad valorem taxation (K. S. A. 76-6b01, *et seq.*,) and since 50 counties are not using 30% assessment ratio, Article 11, Section 1 of the Constitution of the State of Kansas and the "equal protection" clause of the Fourteenth Amendment to the Constitution of the United States have been violated.

Plaintiffs further contend that since other counties in Kansas in 1967, and specifically five of the six counties bordering Ford County,

were applying a 19% rather than a 30% assessment ratio to the justifiable value of the taxable real and personal property, there was an unequal burden of taxation for the same general public services. This, according to the plaintiffs, results because two hospital districts and five school districts are located partially in Ford County and partially in other counties. The plaintiffs do not contend that the rate of taxation in these overlapping school and hospital districts is unequal, only that the assessment ratios used for determining the assessment value of property within the over-lapping school and hospital districts differ according to the county within which the property lies.

Originally the plaintiffs asked for either an injunction preventing the defendants from using the new appraisal values and a 30% assessment ratio or an injunction preventing the defendants from using an assessment ratio in excess of 19%. The plaintiffs have abandoned their first prayer and are now asking that defendants be enjoined from using an assessment ratio in excess of 19% of justifiable values in assessing and collecting ad valorem taxes for 1967, in Ford County.

The trial court sustained the defendants' motion for summary judgment and plaintiffs have appealed. We pass without comment all procedural matters and proceed immediately to the jurisdictional question, *i. e.,* the power and authority of the district court and this court over the subject matter under the facts alleged.

Although neither party has raised the question of jurisdiction, as has been stated on many occasions, whether the parties raise the question or not, the court has the duty to do so on its own motion. (*Riley v. Hogue,* 188 Kan. 774, 365 P. 2d 1097; *Farm Bureau Mutual Ins. Co. v. Barnett,* 189 Kan. 385, 369 P. 2d 350; *Alliance Mutual Casualty Co. v. Bailey,* 191 Kan. 192, 380 P. 2d 413.)

In *Jeffers v. Jeffers,* 181 Kan. 515, 313 P. 2d 233, we held in the syllabus:

"One of the first and continuing duties of a court is to determine whether it has jurisdiction of the subject matter of the action." (Syl. 3.)

The plaintiffs attempted to bring the action under the provisions of K. S. A. 60-907 (*a*) which provides:

"Injunctive relief may be granted to enjoin the illegal levy of any tax, charge or assessment, the collection thereof, or any proceeding to enforce the same."

The courts have no difficulty with their power and authority

where taxing bodies are attempting to proceed without statutory authority or contrary to statute (*City Rly. Co. v. Roberts,* 45 Kan. 360, 25 Pac. 854.) or where taxing authorities are proceeding against property outside their jurisdiction (*Sherwood Const. Co. v. Board of County Commrs.,* 167 Kan. 421, 207 P. 2d 409). These are matters rightly within the province of the judiciary. However, when courts are confronted with purely administrative acts relating to taxation their jurisdiction becomes quite limited.

The courts cannot fix the value of property for the purpose of taxation. Matters of taxation, especially assessments, are administrative in their character and should remain free of judicial interference in the absence of fraud, corruption and conduct so oppressive, arbitrary or capricious as to amount to fraud.

In *Board of County Commissioners v. Brookover,* 198 Kan. 70, 422 P. 2d 906, we stated at page 73:

"The entire matter of taxation is legislative and does not exist apart from statute. (*Ness County v. Light & Ice Co.,* 110 Kan. 501, 204 Pac. 536; *Crawford County Comm'rs v. Radley et al.,* 134 Kan. 704, 8 P. 2d 386; *Shell Oil Co. v. Board of County Comm'rs,* 165 Kan. 642, 197 P. 2d 925; *Ray v. Board of County Comm'rs,* 173 Kan. [859], 252 P. 2d 899.) The assessment and valuation of property has always been considered an incident to the taxing power. (*Auditor of State v. Atchison, T. & S. F. R. Co.,* 6 Kan. 500; *Comm'rs of Wyandotte Co. v. Abbott,* 52 Kan. 148, 160, 34 Pac. 416.)

. . . . . . . . . . . . . .

"As the power of taxation is a legislative function and the legislature is specifically charged with providing an equal rate of assessment it also has the authority to provide the means and agencies for enforcing its responsibility. (*Silven v. Osage County,* 76 Kan. 687, 689, 92 Pac. 604.) . . ."

In *Mobil Oil Corporation v. McHenry,* 200 Kan. 211, 436 P. 2d 982, we again reviewed our limited jurisdiction in assessment matters stating at page 227:

"It has been held from an early date that matters of assessment and taxation are administrative in character and not judicial. In *Symns v. Graves* (1902), 65 Kan. 628, 70 Pac. 591, it was said:

" '. . . Matters of assessment and taxation are administrative in their character and not judicial, and an interference by judges who are not elected for that purpose with the discharge of their duties by those officers who are invested with the sole authority to make and estimate value is unwarranted by the law. The district court could not substitute its judgment for that of the board of equalization, and this court cannot impose its notion of value on either. These are fundamental principles in the law of taxation and cannot be waived aside to meet the exigencies of any particular case. . . .' (p. 636.)

"In the same decision the only grounds upon which there may be judicial interference were recognized as follows:

" 'But fraud, corruption and conduct so oppressive, arbitrary or capricious as to amount to fraud, will vitiate any official act, and courts have power to relieve against all consequential injuries. In every case, however, the departure from duty must be shown by the party seeking redress to fall within the well-defined limits of the powers of a court of equity. . . .' (p. 636.)

"Other decisions adhering to the foregoing rules are *Finney County v. Bullard,* 77 Kan. 349, 94 Pac. 129; *Salt Co. v. Ellsworth County,* 82 Kan. 203, 107 Pac. 640; *Eureka B. & L. Ass'n v. Myers,* 147 Kan. 609, 78 P. 2d 68; and *Hanzlick v. Republic County Comm'rs,* 149 Kan. 667, 88 P. 2d 1111."

All of our decisions indicate that the correction of alleged errors in the valuation of real estate for the determination of the proper assessment is an administrative function and not judicial, and unless the assessment is fraudulent or void or the action is one for an interpretation of law.

In *Hanzlick v. Republic County Comm'rs,* 149 Kan. 667, 88 P. 2d 1111, we held in the syllabus:

"In the absence of fraud or conduct amounting to fraud an over-valuation of property will not of itself be sufficient to require an injunction against the collection of taxes." (Syl. 1.)

Here it is admitted that the appellees were acting under legislative fiat and at the direction of the State Board of Equalization. We had a quite similar situation in *Continental Pipe Line Co. v. Cartwright,* 154 Kan. 430, 118 P. 2d 1052, where we stated at page 434:

". . . While it has been held that the performance of a ministerial duty may be controlled by mandamus or injunction (*Martin, Governor, v. Ingham,* 38 Kan. 641, 17 Pac. 162) the officer may not be controlled where the act sought to be controlled, or as here enjoined, is one which the statute compels him to perform (*Duggan v. Emporia,* 84 Kan. 429, 114 Pac. 235; *Randel v. Knapp,* 153 Kan. 437, 111 P. 2d 891). If the act of the county clerk were discretionary, a court would only enjoin where official power was clearly abused. Here the act complained of was that of a body over which the county clerk had no power or supervision whatever. (See *Fairchild v. City of Holton,* 101 Kan. 330, 166 Pac. 503.)"

A review of our cases forces us to conclude that "the illegal levy of any tax, charge or assessment" as used in K. S. A. 60-907 (*a*) has reference to the action of an administrative official or board taken without authority or action of an administrative official or board which is permeated with fraud, corruption or conduct so oppressive, arbitrary or capricious as to amount to fraud in connection with the levy of any tax charge or assessment. There being absent here any semblance of such misconduct the district court was without power or authority to grant the relief prayed for.

The appellants' remedy, if any, was before the state board of tax appeals sitting as the State Board of Equalization under the provisions of K. S. A. 79-1409 and 79-1609.

The judgment is affirmed.

APPROVED BY THE COURT.