No. 46,923

GORGES ·CHRYSLER-PLYMOUTH, INC., *Appellant*, v. JAMES R. COBLER, Controller of Currency for the State of Kansas; RONALD G. MILLER, County Treasurer of Sedgwick County, Kansas; MRS. MARIE WARDEN, County Clerk of Sedgwick County, Kansas; ELMER PETERS, Chairman of the Board of County Commissioners of Sedgwick County, Kansas; EARL RUSH, County Commissioner of Sedgwick County, Kansas; TOM SCOTT, County Commissioner of Sedgwick County, Kansas. *Appellees.*

(512 P. 2d 504)

Opinion filed July 14, 1973.

*Patrick J. Warnick,* of Warnick & Phares, of Wichita, argued the cause and was on the brief for the appellant.

*George D. McCarthy,* of Wichita, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

KAUL, J.: Plaintiff-appellant, a new and used car dealer in Wichita, filed two actions pursuant to the provisions of K. S. A. 79-2005 (now 1972 Supp.) to contest the validity of the assessment of its personal property for the year 1970, and to recover the alleged illegal portion of the taxes so assessed which were paid by plaintiff under protest. Plaintiff filed separate actions with respect to first and second half payments of the 1970 taxes. The two actions were later consolidated for purposes of appeal.

In its amended petitions below plaintiff alleged the original valuation and assessment of its property by the county assessor was arbitrary, capricious, illegal, unconstitutional, void and contrary to standards prescribed by statute. Plaintiff made essentially the same allegations regarding the actions of the Board of County Commissioners, sitting as a Board of Equalization, and those of the State Board of Tax Appeals in denying relief on plaintiff's appeal to that body. Plaintiff further alleged that it was discriminated against in that its property was assessed at approximately thirty percent of one hundred percent value while other merchants of

Sedgwick County were assessed approximately seventeen percent of one hundred percent value. It further alleged that K. S. A. 79-1001, *et seq.*, (now 1972 Supp.) [79-1002, repealed, Laws of 1971, effective July 1, 1971], dealing with the assessment of merchants, manufacturers and certain contractors, is void for the reason that it is indefinite and not capable of reasonable, certain and consistent interpretation. Defendants answered denying all allegations of plaintiff's petitions and affirmatively alleged that they acted in all respects according to law; and that plaintiff's property was taxed uniformly with other property.

The case came on for trial on July 21, 1972, and after hearing the evidence the trial court rendered judgment, the gist of which is as follows:

"THEREUPON, the court, after reviewing the court file herein, hearing the evidence and the arguments and statements of counsel, finds that the defendants did not act in an arbitrary, capricious or illegal manner and that there is no evidence of discrimination by the defendants against the plaintiff; that the evidence showed that the assessor appraised and assessed personal property in the county on the same basis; that there is no evidence that the statutes as alleged in the amended petition are illegal, unconstitutional or void; that the court does not function as an appraiser of personal property, but has the obligation to determine whether the appraisal and assessment of plaintiff's property was illegal, arbitrary, capricious or void, and that the court cannot so find, and plaintiff's amended petition should be denied and judgment should be rendered in favor of the defendants, and for their costs."

While plaintiff specifies several points of error on appeal it confines its argument basically to the contention that notwithstanding the trial court's finding to the contrary, the evidence disclosed discrimination against it. Plaintiff relies primarily on *Addington v. Board of County Commissioners*, 191 Kan. 528, 382 P. 2d 315; and *Beardmore v. Ling*, 203 Kan. 802, 457 P. 2d 117.

The evidence reveals that plaintiff, pursuant to the provisions of 79-1001, *et seq.*, filed a personal property statement showing an assessed value of $42,000.00, which by computation would reflect a one hundred percent value of $140,000.00. After a review by the assessor, the assessment was raised to $216,000.00. Plaintiff appealed to the County Board of Equalization which reduced the assessment to $170,000.00, which was later raised $11,755.00 to $181,755.00 because of a clerical error by the Board of Equalization in overlooking personal property owned by plaintiff other than automobiles. Plaintiff then appealed to the State Board of Tax Appeals seeking a review of its assessment and stating it had re-

quested an assessment of $135,000.00 which had been refused. The State Board reaffirmed the assessment of $181,755.00.

The testimony of the county assessor and the deputy assessor responsible for the assessment in question, indicates that there was a certain number of large automobile dealers whose operations were quite similar in size, and that the deputy assessor checked dealers' inventories of vehicles during the last five months of 1970 and made car counts. The deputy assessor also collected newspaper advertisements which indicated the number of vehicles on hand in the case of plaintiff, as well as other dealers of similar size. The assessor also obtained copies of plaintiff's annual corporation report to the Secretary of State and made a comparison of dealers' inventories. The car count showed an average of 304 vehicles on plaintiff's lot during the last five months of 1970. Two newspaper advertisements of plaintiff indicated; respectively, 256 and 300 vehicles listed for sale. Plaintiff's corporation report showed personal property listed at $667,000.00 and accounts receivable in the amount of $81,405.00, or a total of $749,213.00. In view of this evidence it is quite apparent that the assessor had good reason to raise plaintiff's assessment from the figure of $42,000.00, which it originally returned. The assessor testified that he compared the inventories of dealers of comparable size and raised a number of them and lowered one, which was his duty under K. S. A. 79-312 if he was satisfied the returned property was below or above its true value in money. Plaintiff never denied that its vehicle inventory was an average of 304 vehicles nor did it offer any proof of value to support its claim that the assessment should be $135,000.00 which it now admits would be fair. Actually the only evidence of the assessments of other dealers is a listing of the assessments of sixteen dealers set out by plaintiff in its statement on appeal to the State Board of Tax Appeals, which plaintiff included in its brief on appeal. The list shows the assessments of three other dealers to be higher than that of plaintiff, five to be in the same range as plaintiff's and the rest lower. The assessments range from $113,420.00 to $231,695.00. There is no evidence of car count or any other evidence of actual value of inventory with respect to the other dealers listed. The statement of plaintiff is of no value in showing inequality or discrimination. There is no evidence in the record to support plaintiff's claim that other merchants were assessed at only seventeen percent of one hundred percent value.

The evidence is not only ample to support the decision of the trial court but we believe it clearly shows why the trial court agreed with the assessor, the County Board of Equalization and the State Board of Tax Appeals in the assessment made. The evidence here does not approach a showing of inequality so gross and arbitrary as to constitute constructive fraud as appeared in *Addington v. Board of County Commissioners*, supra; and *Beardmore v. Ling*, supra.

K. S. A. 79-301, *et seq.*, provides for the listing and assessment of personal property. The statutes place the burden of listing on the person, association, company or corporation who owns, holds or controls property. 79-1001 prescribes the manner in which a merchant should list his inventory with the county assessor and what property should be included. 79-1002, which was in effect at the time of the listing herein, sets forth the method by which the average value of such property was to be determined. Under the provisions of 79-312 it is made the duty of the assessor to increase or diminish the value of any property as listed by the taxpayer if the assessor is satisfied that such property has been returned below or above its actual value in money. The evidence in the record before us fails to establish any departure of consequence by the taxing officials involved from the authorization or direction of pertinent statutes.

We call attention once again to the oft repeated general rule that matters of taxation, especially assessments, are administrative in their character and should remain free of judicial interference in the absence of fraud, corruption or conduct so oppressive, arbitrary or capricious as to amount to fraud. (*Panhandle Eastern Pipe Line Co. v. Dwyer*, 207 Kan. 417, 485 P. 2d 149; *Harshberger v. Board of County Commissioners*, 201 Kan. 592, 442 P. 2d 5; and *Mobil Oil Corporation v. McHenry*, 200 Kan. 211, 436 P. 2d 982.)

No error is made to appear in the judgment of the court below and the same is affirmed.