No. 50,175

DEFENDERS OF THE CHRISTIAN FAITH, INC., *Appellant,* v. SEDGWICK COUNTY ASSESSOR AND SEDGWICK COUNTY BOARD OF COUNTY COMMISSIONERS, *Appellees.*

(605 P.2d 122)

Opinion filed January 19, 1980.

*Rodney H. Busey,* of Arvin, Arvin & Busey, Chartered, of Wichita, argued the cause, and *Lester C. Arvin* and *Mark A. Buck,* of the same firm, were on the brief for the appellant.

*R. K. Hollingsworth,* assistant county counselor, argued the cause and was on the brief for the appellee.

*Per Curiam:* This is an action brought by plaintiff-appellant, Defenders of the Christian Faith, Inc., against the defendants-appellees, Sedgwick County Assessor and Board of County Commissioners, seeking injunctive relief pursuant to K.S.A. 60-907(*a*) from the payment of real estate taxes on certain property and from a pending sale of the real estate for taxes. The district court held in favor of defendants and plaintiff appeals.

The property in question was operated as the Lassen Hotel for many years and was later known as the Radisson Hotel. In August of 1971 the property was purchased by plaintiff and was remodeled for operation as a retirement home known as Defenders Town House. Plaintiff sought to have the property exempted from the payment of real estate taxes. The exemption litigation concluded unfavorably to plaintiff (*Defenders of the Christian Faith v. Board of County Commissioners,* 219 Kan. 181, 547 P.2d 706 [1976]). Thereafter, the defendant county brought an action to foreclose its tax liens for the 1972, 1973, 1974 and 1975 taxes on the real estate and plaintiff countered with the action now before us. The tax lien action has been held in abeyance pending the outcome of the injunction action. Although owning the real estate in question since 1971, plaintiff has not paid any taxes thereon.

K.S.A. 79-501 provides, in part:

"Each parcel of real property shall be appraised at its fair market value in money, the value thereof to be determined by the assessor from actual view and inspection of the property . . . ."

The action herein is premised on plaintiff's contentions that the

real estate taxes are illegal by virtue of the fact the assessor's "view and inspection" occurred during open house receptions rather than in a more formal manner upon consultation with plaintiff's officers, and also the assessor failed to make proper notations on appraisal records.

The district court found and concluded:

### "FINDINGS OF FACT

"1.  The property in question is legally described as Lots 37, 39, 41, 43, 45 and 47 on Market Street in Greiffenstein's Original Town, now Wichita, Sedgwick County, Kansas, and was purchased by plaintiff on or about August 28, 1971. It was originally known as the Lassen Hotel, later the Radisson Hotel and finally, the Defenders Town House, with a post office address of 155 North Market Street, Wichita, Kansas.

"2.  The Sedgwick County Assessor's record of appraisements and assessments shows the building was erected in 1917. This Assessor's record was started in 1963 when all real property in Sedgwick County was reappraised over a two (2) year period for appraisal and assessment for the year 1965 by a professional appraisal company, Cole, Layer and Trumble.

"3.  T. J. Tucker, a Deputy Assessor in the Sedgwick County Assessor's Office, identified entries on the record showing that he also appraised the property in 1963, because there was some dissatisfaction with the appraisal of Cole, Layer and Trumble, but that he recommended no change in the appraisal. The record also showed that he had appraised the property on August 15, 1965, and had made no change. The appraisal showed the improvement had a replacement value of $2,735,450, with a depreciated 100% value of $820,640.00 in 1965.

"4.  The record shows the appraised and assessed value of the property remained the same for the year 1966. The record shows in 1967 the Assessor lowered the appraised value of the land to $278,100. The 1967 assessment was appealed to the County Board of Equalization, and then to the State Board of Equalization, who lowered the 100% value of the improvement to $547,100.

"5.  The record shows that T. J. Tucker made a field appraisal next of the property in 1971. The record shows that he noted June 3, 1971, that no change should be made in the appraised value. No change was made in the assessment for the year 1971. Mr. Tucker retired during the year 1971.

"6.  From its construction until September, 1971, the property in question had been a commercial hotel first known as the Lassen Hotel, and then the Radisson Hotel. The building also had peripheral businesses, as it does now. During the year 1971, it was purchased by plaintiff and the name was changed to the Defenders Town House. Plaintiff was forced to replace the boilers and wiring equipment almost immediately at a cost of $500,000. Plaintiff remodeled the interior of the building, utilizing employees from its other resident hotels so that it could be utilized as administrative offices for its operations, computer center, eating space and game room for residents, seminary, chapel, museum and social hall, print shop and mailing room, and so approximately 185 rooms could be used for housing for the elderly. The President, Dr. Hart Armstrong, testified he had never been contacted by the Assessor or anyone from the office about appraisal of the property.

"7. The Sedgwick County Assessor testified he attended the formal opening of the Defenders Town House in 1971, and took a tour of the premises, that he attended the annual open house in subsequent years, and that these visits were for the purpose of appraisal. He was aware of the change in operation of the building and the remodeling and repair. He further testified that he took all of the pertinent statutory factors (K.S.A. 79-503) into consideration in assessing the property for the years 1972, 1973, 1974 and 1975. Plaintiff presented no evidence to the contrary.

"8. In 1972, although he had knowledge of the cost of the new boiler and electrical wiring and other improvements, it was his judgment that the assessed value for that year should be the amount it was in 1971. In 1973, in making the appraisal, it was his judgment that the true value of the land should be lowered from $278,100 to $273,000, and the value of the improvement should remain the same. In 1975, it was his judgment that the fair market value of the property was the same as in 1974.

"9. Sometime after purchasing the property, plaintiff made application to have the property exempted from taxation.

"10. Said application was heard and denied by the Board of Tax Appeals, then the District Court of Sedgwick County, and then the Supreme Court of the State of Kansas . . . .

"11. Plaintiff paid no real estate taxes pending a final determination of its application on the assumption that such exemption would be granted.

"12. Plaintiff offered no evidence of what factors enumerated in K.S.A. 79-503 were pertinent to valuation or what result would have been obtained had such factors been applied.

"13. The parties stipulated that taxes were unpaid for the years 1972, 1973, 1974 and 1975 . . . .

"14. The parties further stipulated that plaintiff had not appealed to the County Board of Equalization nor filed an application to the State Board of Tax Appeals to Remedy a Tax Grievance under K.S.A. 79-1702 for any of the years in question.

## "CONCLUSIONS OF LAW

"1. Before relief can be granted pursuant to K.S.A. 60-[907](a) the burden of proof is on plaintiff to show that the assessments complained of were illegal in that they were without statutory authority or contrary to statutory authority or were made in such an arbitrary, capricious or oppressive manner as to amount to fraud. *Harshberger v. Board of County Commissioners,* 201 Kan. 592. The Plaintiff failed to sustain its burden of proof by any evidence.

"2. The 'actual view' requirement in K.S.A. 79-411 and K.S.A. 79-[501] is satisfied by the appraiser's 'open house' inspection.

"3. The Sedgwick County Assessor in appraising and assessing plaintiff's real property for the years 1972, 1973, 1974 and 1975 did so in compliance with his statutory duty and in compliance with the requirements of K.S.A. 79-501, 79-503, and K.S.A. 79-1439, et seq.

"4. The Sedgwick County Assessor in appraising and assessing plaintiff's real property for the years 1972, 1973, 1974 and 1975 did not act in an illegal, capricious, unreasonable, arbitrary, discriminatory or fraudulent manner.

"5. The assessments made by the Sedgwick County Assessor on plaintiff's real property for the years 1972, 1973, 1974 and 1975 are valid legal assessments.

"6. The plaintiff, having failed to show that the assessments made on its real property for the years 1972, 1973, 1974 and 1975 were illegal, is not entitled to any relief and injunction and other relief prayed for is denied, and judgment should be entered in favor of defendant and against the plaintiff for costs.

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED that the plaintiff is not entitled to any relief and injunction and other relief prayed for by the plaintiff be and the same are hereby denied, and that judgment be and the same is hereby granted in favor of the defendants and against the plaintiff for the costs herein."

On appeal, plaintiff claims three points of error:

1. The district court erred as a matter of law in concluding the appraiser's "open house" visits satisfied the "actual view and inspection" requirements of K.S.A. 79-501 and K.S.A. 79-411.
2. The district court erred as a matter of law in holding plaintiff failed to sustain its burden of proof that the assessments of its property made in 1972, 1973, 1974 and 1975 were illegal and in contravention of statutory mandates and in effect a constructive fraud.
3. The district court erred as a matter of law in concluding the actions and assessments of defendant were not illegal and denying plaintiff's requested relief because these conclusions are not supported by substantial evidence.

Plaintiff does not attack the district court's findings of fact, but vigorously attacks all of its conclusions of law with the exception of the burden of proof. Plaintiff agrees it has the burden of proof, but contends it sustained its burden.

We conclude that the district court's findings of fact are supported by substantial competent evidence and that the district court properly applied the law to the facts.

The judgment is affirmed.