COMMISSIONERS OF LEAVENWORTH CO. v. GEO. W. LANG.

1. ASSESSMENT—PERSONAL PROPERTY; *Illegal Taxes; Injunction.* A county board has no authority, arbitrarily, to increase the assessment of a citizen on his personal property, without notice, or evidence, or opportunity given to the tax-payer to be heard, and the taxes levied on such assessment, so far as they exceed a just amount, may be enjoined.

2. PLEADING; *Petition.* A petition to enjoin the collection of illegal taxes need not aver that the plaintiff had property out of which the taxes can be collected. The statute gives him the right to relief, and that right does not depend upon the extent of his possessions.

### *Error from Leavenworth District Court.*

INJUNCTION, brought by *Lang*, in March, 1871, against The Board of County Commissioners, the County Treasurer, and the Sheriff of Leavenworth county, and the Treasurer and Marshal of the City of Leavenworth, to restrain the collection of taxes. A preliminary injunction was granted. The defendants demurred to the petition. The facts are stated in the opinion. The district court, at the June Term, 1871, overruled the demurrer, and entered a decree in favor of the plaintiff, making the temporary injunction perpetual. The defendants bring the case here for review.

*F. P. Fitzwilliam*, for plaintiffs in error:

1. No injunction should have been granted, and the demurrer should have been sustained. Courts of equity will not interfere in stopping the collection of taxes on personal property, because the person aggrieved has ample remedies at law, without invoking the powers of such a court, even though the tax may be illegal and void. 2 Kas., 454; 5 id., 114; 4 E. D. Smith, 675; 18 Wis., 247; 25 N. Y., 312; 23 Mo., 443; 46 id., 394.

2. The party failed to show that he had any personal property, from which the tax complained of, could be collected. The mere fact that a tax warrant against Lang was placed in the hands of the proper officer, was no reason for his application to the court for a temporary restraining order. Section 237, of the code, only authorizes the court to grant a restraining order to " refrain from a particular act." What act? In this case, the *collection* of the taxes out of the personal property. But he had no property; therefore he was not entitled to the provisional remedy. 5 Kas., 522.

3. The demurrer was improperly overruled by the court. If a full and complete remedy exists at common law, that is good

ground for demurrer to the petition.for an injunction. 5 Wis., 395; 4 Duer, 192; Story Eq. Pl., §§ 472, 473.

4. But the court granted the injunction because the tax was increased, and no notice was given to plaintiff as designated in § 65 of the tax law, ch. 107, Gen. Stat. This was no ground for granting the injunction or making it perpetual. If it was true, that no notice had been given that the personal property of plaintiff had been raised, it was but an irregularity and a defect and therefore the remedy by injunction was not proper: § 113, ch. 107, Gen. Stat.; 6 Kas., 403.

*Green & Foster*, for defendant in error:

1. Relief by injunction is the proper remedy. It is given by our statute; Code, § 253. No exception is made, and where a statute makes no exception, the court can make none; 25 Mo., 571; and in the construction of statutes, it is a rule of universal application that effect must be given to the words used by the legislature; 4 McLean, 463. In § 253, the legislature have used the comprehensive words " *any* illegal assessment," and " *any* proceedings to enforce the same."

To ascertain whether the party is entitled to the remedy sought, the court has only to determine whether or not he has, by his pleading, made such a case as brings him within the provisions of the statute with reference to which the action is brought, that is, whether the taxes complained of are *illegal*.

2. The assessment of Lang's personal property was made by the assessor in accordance with law, and the statement duly filed in the office of the county clerk. It was not competent for the county board to treat such return as a nullity, or to re-assess the party *without a hearing;* and even if the statement were a nullity by reason of not being sworn to, the county board could not arbitrarily assess a party an indefinite sum, without notice and proof as required by § 65 of the tax law. 40 Barb., 644; 13 Cal., 325. Blackw. on Tax Titles, pp. 116, 184. In a somewhat similar case this court held, " that if injustice had been done to the property-owner on account of

no notice being given, then he would be entitled to some remedy." 7 Kas., 226.

In this case the assessment was changed from $1,185 to $8,000, without notice, and without legal excuse. The taxes levied on the excess valuation are illegal, and were rightly enjoined.

The opinion of the court was delivered by

KINGMAN, C. J.: The district court overruled a demurrer to the petition, and from that ruling plaintiffs in error bring the case to this court. From the petition we learn these facts: That Lang returned a true and correct list of his personal property to the assessor, amounting to $1,185. The county board, without any notice to Lang, and without any testimony, and without any cause, increased the amount of the assessment from $1,185 to $8,000. The whole amount of his personal property was contained in the list furnished by him. The power to correct the assessment of personal property is found

1. Personal property assessment. Illegal taxes may be enjoined.
in section 65 of the tax law, and this section requires notice to the party to be affected; and the board is not authorized to proceed without the notice. Their action in the premises was clearly invalid. Defendant, when he learned of the action of the board in December, moved the board to correct their error. Failing there, he paid the taxes he was justly chargeable with, and obtained an injunction to stop the collection of the illegal portion of the tax. This he was entitled to. Whatever diversity existed in the decisions as to the propriety of granting injunctions in such cases, the right to do so in this State is settled by our statute. Section 253 of the code of civil procedure is as follows: "An injunction may be granted to enjoin the illegal levy of any tax, charge, or assessment, or the *collection of any* illegal tax, charge, or assessment, or *any* proceeding to enforce the same." Whatever doubt previously existed about the process of injunction as a remedy to prevent the collection of an illegal tax is removed by this section. It does not change the rights of the parties; it gives a new remedy to

enforce the rights of the citizen. The petition shows the tax enjoined to have been illegal, and that warrants had been issued and put in the hands of the proper officers to enforce the collection of the same.

A point was made by the counsel for the plaintiffs in error that there was no averment in the petition that Lang had any property out of which the taxes could have been made, and therefore he was not entitled to an injunction. There are expressions in the petition sufficiently showing that he had property out of which the taxes could have been made; but any such averment was unnecessary. He stood charged with an unjust and illegal tax. He had under the statute a right to relieve himself of that charge, whether he had property or not. His right to the remedy did not depend upon the extent of his possessions.

*2. Petition; its averments.*

The plaintiff below having shown that he was injured and the law having afforded him a definite remedy, it was right for the court to grant the relief as it was done in this case. The judgment is therefore affirmed.

VALENTINE, J., concurring.

BREWER, J., not sitting in the case.