THE TOPEKA WATER SUPPLY COMPANY v. BYRON ROB-
ERTS, *as Treasurer of Shawnee County.*

1. TAXES — *Valuation Increased without Notice, Unauthorized.* An arbitrary increase of the valuation of property and the extension of an additional tax thereon by the county clerk, after the assessment had been returned, the taxes levied and paid, without notice to the owner of such action, is unauthorized, and the taxes charged illegal.
2. INJUNCTION, *Maintained.* The owner is entitled to maintain injunction to restrain the illegal tax, and the fact that the owner first applied to the county officers to cancel and set aside the illegal tax, and failed to appeal from their refusal, will not defeat the remedy. (*City Rly. Co. v. Roberts*, just decided.)

*Error from Shawnee District Court.*

THE opinion states the case.

*J. D. McFarland,* for plaintiff in error.

*R. B. Welch,* county attorney, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Action of injunction. After the property of the Topeka Water Supply Company had been assessed for the year 1885, and the taxes thereon had been levied and paid, the county clerk of the county in which the property was situated, and in February, 1886, entered on the tax-roll, opposite the name of the company, the sum of $7,769, as an additional assessment of its capital stock for the year 1885, and charged taxes thereon to the amount of $268.03. A special agent, appointed by the county to look up property that had escaped taxation for the year 1885, reported to the board, in January, 1886, that the company had not listed its property at its true value, and recommended the increased valuation and the additional levy of taxes that have been mentioned. On this report alone, the board acted, without notice to the company of any proceeding or intended proceeding to correct the assessment and to increase the taxes. No statement of any facts or evidence upon which the increased valuation was based was ever filed and kept in the office of the county clerk, except the report and recommendation of the special agent. Afterward, the company was notified by the county treasurer that there were additional taxes charged against the company, and thereupon an application was made by the company to cancel and strike from the tax-roll the additional assessment and charges which had been entered, but the application was denied.

The action of the county board and county clerk, in correcting and changing the valuation, and imposing additional taxes upon the company, without notice or opportunity to be heard before the increase in valuation and additional charges were made, is unauthorized and the tax levied illegal. Injunction to restrain the collection of the illegal tax may be maintained, and the fact that the company first applied to the

county officers to cancel and set aside the illegal tax, and that it failed to appeal from the refusal, will not defeat the remedy.

The facts in this case are quite similar to those of the *City Rly. Co. v. Roberts,* just decided, and the decision therein is controlling here. (See, also, *Comm'rs of Leavenworth Co. v. Lang,* 8 Kas. 284; *Griffith v. Watson,* 19 id. 27; *Comm'rs of Lyon Co. v. Sergeant,* 24 id. 572; Gen. Stat. of 1889, ¶ 6918.)

The judgment of the district court will be reversed, and the cause remanded with directions to render judgment upon the findings in favor of the plaintiff in error.

All the Justices concurring.