B. T. Dykes, *as Sheriff of Stafford County, et al.,* v. The Lockwood Mortgage Company.

No. 10627.

1. TAXATION — *location of property in specific taxing district essential.* As the amount of taxes chargeable against personal property depends to a great extent upon the city, township or school district in which it is assessed for taxation, it is essential that such property be entered upon the proper roll and that a location as well as a valuation of the same shall be made.

2. ———— *entering omitted property for, without notice to the tax-payer, void.* Personal property not returned by the assessor was entered for taxation by the County Clerk on the tax-rolls under the provisions of § 70 of the tax law, but notice to the tax-payer was not given as § 70 requires. *Held,* that the tax is illegal and that the collection of the same may be enjoined.

*Error from the Court of Appeals, Southern Department.*

AFFIRMED.                    OPINION FILED NOVEMBER 7, 1896.

*Jennings & Garrigues*, for plaintiffs in error.

*Moseley & Dixon*, for defendant in error.

JOHNSTON, J.    In February, 1893, Hannah L. Whiteside obtained in the District Court of Stafford County a judgment for $327 and a decree foreclosing a mortgage upon real estate.    The real estate was subsequently sold pursuant to the decree, and she became the purchaser.    In 1895 she conveyed the land to the Lockwood Mortgage Company, and the title still remains in that company.    An attempt was made to levy a tax upon the above-mentioned judgment for the year 1893, but it was never listed or valued by any officer, nor has it ever been placed upon the personal-property tax-roll.    In August, 1893, the Board of County Commissioners of Stafford County made an order which in effect was a request for the Clerk of the District Court to certify a list of all judgments shown by the record of his office to the County Clerk, and the County Clerk was directed to place the list of judgments on the tax-rolls of 1893 to be taxed as other personal property of that year.    In October of the same year the Board made an order to the effect that whoever filed an affidavit with the County Clerk that the judgment in his favor was of no present value should be exempt from having such judgment placed on the tax-roll.    The Clerk of the District Court furnished a list of judgments to the County Clerk, and upon such list was that of Hannah L. Whiteside.    The County Clerk entered this judgment on the real estate tax-rolls of Stafford County, and there was levied

27—57 KAN.

upon the judgment a tax of $7.96. In March, 1894, a personal-property tax-warrant was issued with a view of collecting the taxes on such judgment, which was returned unsatisfied. The tax-warrants, with indorsements thereon, were filed with the Clerk of the District Court in May, 1894, and by that officer entered upon the judgment-docket of the District Court. In December, 1894, the Clerk of the District Court issued a real estate tax-warrant and placed it in the hands of the Sheriff, which commanded him to make the amount of the tax out of the lands and tenements of Hannah L. Whiteside. Under this warrant the Sheriff advertised the real estate which had been transferred by Hannah L. Whiteside to the Mortgage Company, and was proceeding to sell the same when the present action of injunction was commenced.

The District Court held the tax to be invalid and enjoined the sale, and upon review the Court of Appeals affirmed that judgment. A more complete statement of the facts may be found in the reported decision of the Court of Appeals. 2 Kan. App. 217.

We think the tax was illegal and that the judgment of affirmance must be sustained. The property was never assessed or valued, nor was it ever located for taxation in any city, township or school district. The statute provides for the listing and location of personal property, and until it is located the amount of taxes thereon cannot well be ascertained. The state and county taxes can be measured, but the 1. Location of property for taxation essential. city, township or school taxes, which constitute the greater part, cannot be determined until the location is fixed. The amount of the taxes to be paid depends upon the location as well as the valuation; and it would seem to be essential that the property should be entered upon the proper

Opinion of the Court.

tax-roll and that a valuation and location of the same should be made. Passing this .defect, however, we think there was a fatal omission in failing to give notice to the owner that the property was to be entered upon the tax-roll for taxation. Where property has been omitted or undervalued by the assessor, provision is made in section 70 of the Tax Law (¶ 6918 Gen. Stat. 1889) whereby returns of the assessor may be corrected and the property omitted entered for taxation. By this section before omitted property can be entered for taxation five days' notice must be given to the taxpayer that his property is to be valued and taxed. We fully concur in the views expressed by the learned Judge of the Court of Appeals that the notice is jurisdictional in character and must be given as the statute prescribes before the county commissioners or the county clerk can enter omitted property upon the tax-rolls. *Dykes v. Mort. Co.*, 2 Kan. App. 217 ; *Comm'rs of Leavenworth Co. v. Lang*, 8 Kan. 284 ; *Griffith v. Watson*, 19 id. 23 ; *Coal Co. v. Emlen*, 44 id. 117 ; *City Rly. Co. v. Roberts*, 45 id. 360 ; *Water-Supply Co. v. Roberts*, id. 363.

2. Taxation of omitted property void, when.

These authorities settle the proposition that the tax is invalid, and that the collection of the same may be enjoined. This determination disposes of the merits of the case and renders unnecessary the consideration of the other questions that have been discussed.

The judgment of the Court of Appeals will be affirmed.

All the Justices concurring.