No. 45,395

Mobil Oil Corporation, a Corporation; Northern Natural Gas Producing Company, a Corporation; Panhandle Eastern Pipe Line Company, a Corporation; Cities Service Oil Company, a Corporation; Hugoton Production Company, a Corporation; and Mapco Production Company, a Corporation, *Appellants*, v. Sarah Etta Medcalf Reynolds, Individually and as County Clerk of Stevens County, Kansas; Lucille Ashlock, Individually and as County Treasurer of Stevens County, Kansas; and Ronald F. Dwyer, Individually as Director of Property Valuation of the State of Kansas, *Appellees*.

(446 P. 2d 715)

Opinion filed November 9, 1968.

*Richard Jones,* of Wichita, argued the cause, and *William H. Tabb,* of Dallas, Texas, and *Robert W. Richards,* of Oklahoma City, Oklahoma, were with him on the briefs for Mobil Oil Corporation, Northern Natural Gas Producing Company and Mapco Production Company; *Cecil C. Cammack, A. O. Holl, John C. Lovett* and *Graydon D. Luthey,* all of Bartlesville, Oklahoma, were on the briefs for the Cities Service Oil Company; *Ray H. Calihan, Jr.,* of Garden City, was on the briefs for Hugoton Production Company, and *C. C. Linley,* of Liberal, and *Wendell J. Doggett* and *C. A. Conoley,* both of Kansas City, Missouri, were on the briefs for Panhandle Eastern Pipe Line Company, and *Charles Vance,* of Liberal, was on the briefs for all the appellants.

*Dean Burkhead,* Assistant Attorney General, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Lewis C. Carter,* Chief Attorney, Property Valuation Department, were with him on the briefs for the appellee, Ronald F. Dwyer.

*Paul A. Wolf,* County Attorney, was on the briefs for appellees, Sarah Etta Medcalf Reynolds and Lucille Ashlock.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from an order of the district court dismissing an action to enjoin the defendants from enforcing and carrying out an order of the Director of Property Valuation of the State of Kansas for lack of jurisdiction.

Plaintiffs are owners of respective interests in certain gas producing properties located in Stevens County, Kansas, which properties were subject to assessment and taxation for 1967 ad valorem tax purposes.

Plaintiffs individually made due and timely 1967 ad valorem tax renditions to the acting county assessor of Stevens County, covering their respective gas producing properties. The renditions were examined and adjusted by the acting county assessor and subsequently were re-examined and readjusted by the Board of County Commissioners of Stevens County sitting as the County Board of Equalization. In May, 1967, the Stevens County Board of Equalization, by its order, fixed and determined the assessed valuations on plaintiffs' respective gas producing properties for 1967 ad valorem tax purposes. Plaintiffs did not commence any proceedings before the State Board of Tax Appeals sitting as the State Board of Equalization with regard to the assessed valuations as thus fixed and determined by the Stevens County Board of Equalization.

The county clerk applied the levies certified to her to the assessed valutions of plaintiffs' gas producing properties, computed the 1967 ad valorem taxes to be levied on the properties, set the tax so computed on the tax rolls and delivered the tax rolls to the county treasurer. On or about November 1, 1967, the county treasurer billed the individual plaintiffs for their 1967 ad valorem taxes and thereafter full payments were made of the first half thereof which were received and accepted by the county treasurer.

On December 15, 1967, defendant Ronald F. Dwyer, Director of Property Valuation of the State of Kansas, issued an order directed to the defendant, Sarah Etta Medcalf Reynolds, as County Clerk of Stevens County. The order cited as its authority K. S. A. 79-1404, *Sixteenth,* and ordered the county clerk: (1) to recompute the valuation of all gas producing properties in Stevens County on the basis of the "state prescribed Gas Schedule," (2) to assess an added

1967 tax on the difference between the existing and the recomputed valuations, (3) to notify the Stevens County Treasurer of the amount of the added tax, and (4) to direct the treasurer to impound the additional money for use in reducing 1968 levies.

On March 5, 1968, plaintiffs filed this action in the district court of Stevens County, Kansas, seeking to enjoin enforcement of and compliance with the above described order. Timely answers were filed by all the defendants and on March 28, 1968, the matter was heard on the merits, argued and taken under advisement by the court.

On April 8, 1968, the district court, on his own motion, entered an order dismissing the action on the ground that the court lacked jurisdiction over the subject matter thereof.

A single question is presented on appeal—did the trial court err in holding that it did not have jurisdiction of the subject matter and in dismissing the action?

The plaintiffs invoked the jurisdiction of the district court under the provisions of K. S. A. 60-907, which provides in part:

"Injunctive relief may be granted to enjoin the illegal levy of any tax, charge or assessment, the collection thereof, or any proceeding to enforce the same."

The petition takes three printed pages to allege why the order is "unconstitutional, unlawful, unreasonable, arbitrary, capricious, oppressive, unreasonably discriminatory and otherwise is absolutely void and of no effect." Highly summarized it is alleged that the order is contrary to and not in compliance with K. S. A. 79-1404 in six particulars which are fully set out in the petition. It is further alleged in detail that the statute does not authorize an added tax; there cannot be an increase in the assessed valuation of taxable property without a corresponding increase in the county's tax levy; there cannot be an increase in the assessed valuation of taxable property in one year and the increase applied to reduction of tax levies in the county in a subsequent year, and the Director of Property Valuation has pretended to usurp and assume power and authority not granted to him by statute.

It would appear that the petition sufficiently alleged an unauthorized act resulting in an illegal levy to bring the action within the provisions of K. S. A. 60-907 (a) and thus give to the district court jurisdiction to determine the issues raised.

At this point it will be definitely understood that we are not passing on the merits of the controversy. The questions on the

merits have not been briefed and are not before us. We are only considering the sufficiency of the allegations of the petition to give the court jurisdiction on the basis of alleged illegal acts resulting in an alleged illegal levy.

The trial court stated its reason for dismissing the action:

"If . . . [*Mobil Oil Corporation v. McHenry*, 200 Kan. 211, 436 P. 2d 982], the District Court lacks jurisdiction to lower valuations on certain properties (based upon the Court's interpretation of the facts) to coincide with valuations on other properties set by the Director of Property Valuation and upheld by the State Board of Tax appeals, then surely the reverse is true. Thus, The District Court would lack jurisdiction to raise valuations to coincide with those set by the Board of Property Valuations or to otherwise interfere with assessment of these properties."

We submit that the able trial judge misconstrued the purpose of the action. He was neither asked to raise valuations nor to lower them. He was asked to determine the validity of an order of the Director of Property Valuation which required the local county officials to change the assessed valuation which resulted in an alleged illegal levy and if he found the order to be illegal to enjoin its enforcement. There is much difference between enjoining an order of assessment illegally brought about than enjoining an assessment based on the discretion of the assessing authorities. If a taxpayer believes that an order of assessment is illegally determined resulting in an illegal levy he has a right to have the question determined by a court of competent jurisdiction.

The question before us has been considered in four recent cases.

In *Hurley v. Board of County Commissioners*, 188 Kan. 60, 360 P. 2d 1110, we held that, under G. S. 1949, 60-1121, a statute similar to K. S. A. 60-907 (*a*), a special assessment on certain property was illegal and void because the finding of equal benefit was contrary to fact resulting in arbitrary and unwarranted exercise and abuse of power.

In *Schulenberg v. City of Reading*, 196 Kan. 43, 410 P. 2d 324, this court directed injunctive relief against a special assessment for a sewer district, stating in the opinion:

". . . The general import of plaintiffs' allegations is that the sewer district, as created, was utilized as a device to enable the city to load large assessments against the property of the school districts and thereby have the plaintiffs' property outside the corporate limits actually finance the construction of the sewer within the city and to require the plaintiffs to pay for what should lawfully be assessed against persons owning property within the corporate limits.

"These allegations, if not expressly alleging fraud, allege conduct so oppres-

sive, arbitrary, unlawful and capricious as to amounting to fraud, and permit the plaintiffs to inquire into the legality of the creation of the sewer district and whether the city was authorized under the statute to create the sewer district in the manner it did and levy special assessments against lots and pieces of ground within the sewer district." (p. 54.)

In *Mobil Oil Corporation v. McHenry,* 200 Kan. 211, 436 P. 2d 982, we stated in the syllabus:

"Where a petition in a private taxpayer action seeks merely to reduce taxes by a mandatory injunction because the State Board of Tax Appeals changed the valuation on other property in the county, the petition fails to allege the 'illegal levy of any tax, charge or assessment' (K. S. A. 60-907 [a]), and discloses on its face that the district court has no jurisdiction in the matter.

"The expression, 'illegal levy of any tax, charge or assessment,' contained in K. S. A. 60-907 (a), and its predecessors, has reference to *action of an administrative official or board taken without authority,* or to action taken by an administrative official or board which is permeated with fraud, corruption or conduct so oppressive, arbitrary or capricious as to amount to fraud in connection with the levy of any tax, charge or assessment." (Syl. ¶¶ 9 and 10. Emphasis supplied.)

It will be noted that the petition before us alleges the action was taken without authority.

In *Harshberger v. Board of County Commissioners,* 201 Kan. 592, 442 P. 2d 5, it was shown on the face of the petition that the taxing officials were acting under legislative fiat and therefore the court was without jurisdiction to grant relief. However, we stated in the opinion:

"The courts have no difficulty with their power and authority where taxing bodies are attempting to proceed without statutory authority or contrary to statute (*City Rly. Co. v. Roberts,* 45 Kan. 360, 25 Pac. 854) or where taxing authorities are proceeding against property outside their jurisdiction (*Sherwood Const. Co. v. Board of County Comrs.,* 167 Kan. 421, 207 P. 2d 409). These are matters rightly within the province of the judiciary. However, when courts are confronted with purely administrative acts relating to taxation their jurisdiction becomes quite limited.

. . . . . . . . . . . . .

"A review of our cases forces us to conclude that 'the illegal levy of any tax, charge or assessment' as used in K. S. A. 60-907 (a) has reference to the action of an administrative official or board taken without authority or action of an administrative official or board which is permeated with fraud, corruption or conduct so oppressive, arbitrary or capricious as to amount to fraud in connection with the levy of any tax charge or assessment. There being absent here any semblance of such misconduct the district court was without power or authority to grant the relief prayed for." (pp. 594-596.)

We are forced to conclude that the petition raised a question of

illegal tax levy because the taxing authorities were allegedly proceeding contrary to statute and the trial court had authority to determine the issue under K. S. A. 60-907 (a).

The judgment is reversed with instructions to the trial court to determine the issues raised by the pleadings on their merits.

APPROVED BY THE COURT.