(889 P.2d 154)
No. 71,520

KANSANS FOR FAIR TAXATION, INC., and THOMAS BENAKA and WILLIAM COPE, as Representatives of a Class of Shawnee County Real Property Owners, *Appellants*, v. VICTOR MILLER, WINIFRED KINGMAN, and DONALD COOPER, in their Official Capacities as Members of the Shawnee County Commission, *Appellees*.

Opinion filed February 3, 1995.

*Patrick Walters* and *Mike Broemmel,* of Topeka, for appellants.

*Sandra L. Jacquot,* county counselor, for appellees.

Before LARSON, P.J., ROYSE, J., and ROBERT G. JONES, District Judge, assigned.

LARSON, J.: Kansans for Fair Taxation, Inc., and the individual plaintiffs, herein called taxpayers, sued the Shawnee County Commission (Commission) seeking injunctive and declaratory relief. The trial court held it lacked subject matter jurisdiction absent the exhaustion of administrative remedies and dismissed the suit. Taxpayers appeal.

The petition stated that on or about March 15, 1993, the Shawnee County Appraiser's office sent valuation notices to approximately 3,500 owners of Shawnee County property informing them that the valuations of their properties were to be increased. The Shawnee County Appraiser shortly thereafter decided these notices were improper since his office had not complied with the

requirements of K.S.A. 1993 Supp. 79-1460, and he directed his staff to return the valuations to the lower 1992 levels.

Unfortunately, the computer system used by the appraiser's office automatically locked in the higher 1993 valuations and lacked any mechanism to return the valuations to their previous levels. Instead, the computer system treated the attempt to change valuations as if those properties had become subject to a tax appeal or protest. The computer then generated a record of hearing which reflects the change in the value came about as a result of the hearing. Thus, the computer generated hearing records regardless of whether the taxpayer had, in fact, had a hearing and sent notices to all affected taxpayers.

By the end of August and beginning of September 1993, the county's computer had generated conflicting and inaccurate notices. Some taxpayers were notified that hearing deadlines were not met and their valuations were increased to the 1993 levels. Other taxpayers were notified that hearing deadlines had been satisfied and the valuation of their property was lowered to the 1992 levels. There was no relationship between the notice generated and whether any hearing had, in fact, taken place.

At the regular meeting of the Commission held during the week of September 12, 1993, in an attempt to resolve all the conflicts, the Commission voted two-to-one to increase the valuations of all of the affected properties to the 1993 levels initially proposed by the appraiser but later deemed invalid. Taxpayers hypothesized the Commission relied on the erroneously generated computer records regarding hearings and deadlines but do not claim that this explanation is, in fact, what happened.

Taxpayers filed suit requesting a declaratory judgment that the act of the Commission was illegal. They asked for an order enjoining the Commission from taking steps to enforce increases of property valuations without fully complying with the provisions of K.S.A. 1993 Supp. 79-1460, an order requiring the Commission to return the valuations of real property to the levels prior to the September Commission vote, and additional relief including attorney fees and expenses.

Our scope of review in cases where the trial court has granted a motion to dismiss is extremely liberal and was well summarized in *Noel v. Pizza Hut, Inc.*, 15 Kan. App. 2d 225, 231, 805 P.2d 1244, *rev. denied* 248 Kan. 996 (1991):

"In essence, we are required to assume that the facts alleged by the plaintiffs are true, and we are required to make any reasonable inferences to be drawn from those facts. In addition, it is our duty to determine whether those pleaded facts and inferences state a claim, not only on the theory which may be espoused by the plaintiffs, but on *any possible theory* we can divine."

The Kansas Supreme Court in *Bruggeman v. Schimke*, 239 Kan. 245, 247, 718 P.2d 635 (1986), had earlier adopted as the required scope of review for appeals from the granting of a motion to dismiss the language of *Knight v. Neodesha Police Dept.*, 5 Kan. App. 2d 472, 620 P.2d 837 (1980):

" 'When a motion to dismiss under K.S.A. 60-212(*b*)(6) raises an issue concerning the legal sufficiency of a claim, the question must be decided from the well-pleaded facts of plaintiff's petition. The motion in such case may be treated as the modern equivalent of a demurrer.' Syl. ¶ 1.

" 'Disputed issues of fact cannot be resolved or determined on a motion to dismiss for failure of the petition to state a claim upon which relief can be granted. The question for determination is whether in the light most favorable to plaintiff, and with every doubt resolved in plaintiff's favor, the petition states any valid claim for relief. Dismissal is justified only when the allegations of the petition clearly demonstrate plaintiff does not have a claim.' Syl. ¶ 2.

" 'In considering a motion to dismiss for failure of the petition to state a claim for relief, a court must accept the plaintiff's description of that which occurred, along with any inferences reasonably to be drawn therefrom. However, this does not mean the court is required to accept conclusory allegations on the legal effects of events the plaintiff has set out if these allegations do not reasonably follow from the description of what happened, or if these allegations are contradicted by the description itself.' Syl. ¶ 3."

See *Blevins v. Board of Douglas County Comm'rs*, 251 Kan. 374, 381, 834 P.2d 1344 (1992).

Applying the scope of review set forth above, we have unlimited review to consider the question of law of whether taxpayers' cases should be dismissed for lack of jurisdiction. *Zion Lutheran Church v. Kansas Comm'n on Civil Rights*, 16 Kan. App. 2d 237, 239, 821 P.2d 334 (1991), *aff'd* 251 Kan. 206, 830 P.2d 536 (1992). The liberal nature of our scope of review is based upon

pleading rules which do not require the plaintiff to identify the theory of recovery and do not bind the plaintiff to theories that are pled. See generally *Oller v. Kincheloe's, Inc.*, 235 Kan. 440, 446-49, 681 P.2d 630 (1984).

Taxpayers' principal allegation is that the Commission impermissibly increased appraised valuations without complying with the inspection and recording requirement of K.S.A. 1993 Supp. 79-1460, which in relevant part reads as follows:

"[F]or tax year 1993, and each year thereafter, the valuation for all real property shall not be increased unless: (a) A specified review thereof is conducted, including an individual physical inspection of such property by the county or district appraiser or such appraiser's designee provided that no such inspection shall be required to change the valuation of land devoted to agricultural use; (b) a record of such inspection is maintained, including documentation for such increase, and such record is available to the affected taxpayer; and (c) for the taxable year next following the taxable year that the valuation for real property has been reduced due to a final determination made pursuant to the valuation appeals process, documented substantial and compelling reasons exist therefor and are provided by the county appraiser."

Taxpayers contend the trial court has jurisdiction over the allegations of their petition by virtue of the provisions of K.S.A. 60-907, which deals with "[i]llegal acts of public officers" and provides in part: "(a) *Illegal tax, charge or assessment.* Injunctive relief may be granted to enjoin the illegal levy of any tax, charge or assessment, the collection thereof, or any proceeding to enforce the same."

Giving taxpayers' pleading a liberal construction as we are required, their petition contends the Commission has attempted to proceed without statutory authority or any semblance of compliance with the inspection and reporting requirements of K.S.A. 1993 Supp. 79-1460, making this the type of illegal levy of a tax or assessment for which the legislature provides injunctive relief under K.S.A. 60-907.

K.S.A. 79-1411a states:

"[T]he county is hereby declared to be the governmental unit charged with the primary responsibility for the administration of all laws relating to the assessment, review, equalization, extension and collection of real and personal property taxes, except as hereinafter provided."

Some color of authority for the Commission's actions might have existed prior to 1992, when K.S.A. 79-1602 granted county commissions the power to review appraisal rolls and increase valuations of specific parcels. However, *that statute was repealed by the 1992 Kansas Legislature.* L. 1992, ch. 282, § 21. It is now the county or district appraiser who has the duty to appraise all tangible property, K.S.A. 1993 Supp. 79-1411b, and prepare and certify the appraisal roll, K.S.A. 79-1412a.

Although there is some authority granted for correction of irregularity in the appraisal and assessment process (see K.S.A. 79-1701[h]; K.S.A. 79-1701a), we find no statutory authority to unilaterally increase the valuations as the Commission did by its September 1993 order.

The Commission was not acting under authority to hear an appeal (see K.S.A. 1993 Supp. 79-1448; K.S.A. 1993 Supp. 79-1606), it was not acting as a hearing panel (K.S.A. 1993 Supp. 79-1611), and it had no authority to consider valuations after July 1 without specifically being directed to so by the Director of Property Valuation under K.S.A. 1993 Supp. 79-1404; K.S.A. 1993 Supp. 79-1606(d). The Commission has not presented us with any statutory provision justifying its authority to unilaterally raise the valuations. It is clear to us that taxpayers have alleged sufficient facts to show the Commission was proceeding without authority and contrary to the Kansas statutes.

The Commission centered its motion for dismissal on the doctrine of failure to exhaust administrative remedies as discussed by the recent Supreme Court decision of *J. Enterprises, Inc. v. Board of Harvey County Comm'rs*, 253 Kan. 552, 857 P.2d 666 (1993). The Commission's contentions would require us to espouse a rule that because taxes could be paid under protest and administrative procedures then exist, the earlier illegality or lack of statutory authority is immaterial and the relief available under K.S.A. 60-907 is not allowed.

Historically, it has been held that when a board increased an assessment without giving the statutorily required notice, the body acted without authority and could be enjoined. *Commissioners of*

*Leavenworth v. Lang*, 8 Kan. 284, Syl. ¶ 1 (1871). Some 20 years later a similar issue arose. Shawnee County determined that certain taxpayers' property was undervalued and summarily ordered the county clerk to charge additional taxes. Existing statutes required notice before changes could be made. The Supreme Court found the tax was void and the court was not without power to grant an injunction even without an appeal from the taxing authority's final decision. *City Rly. Co. v. Roberts*, 45 Kan. 360, 25 Pac. 854 (1891); *Water Supply v. Roberts*, 45 Kan. 363, 25 Pac. 855 (1891).

This same basic holding was adopted in *Mobil Oil Corporation v. Reynolds*, 202 Kan. 179, 181, 446 P.2d 715 (1968), where the Supreme Court held that jurisdiction existed to grant injunctive relief under K.S.A. 60-907. It was alleged the Director of Property Valuation's order to the county clerk

"is contrary to and not in compliance with K.S.A. 79-1404 in six particulars which are fully set out in the petition. It is further alleged in detail that the statute does not authorize an added tax; there cannot be an increase in the assessed valuation of taxable property without a corresponding increase in the county's tax levy; there cannot be an increase in the assessed valuation of taxable property in one year and the increase applied to reduction of tax levies in the county in a subsequent year, and the Director of Property Valuation has pretended to usurp and assume power and authority not granted to him by statute."

In *Sherwood Const. Co. v. Board of County Commrs.*, 167 Kan. 421, 207 P.2d 409 (1949), an injunction was granted against the county commission under the precursor to K.S.A. 60-907. There, the plaintiff alleged that the commission had assessed taxes on property outside the county and beyond its statutory jurisdiction. Although the county commission argued that the plaintiff must first exhaust its administrative remedies, the Supreme Court found the tax involved was illegal and not merely an erroneous assessment or levy. 167 Kan. 421, Syl. ¶ 2.

Although appellees rely extensively on *J. Enterprises*, 253 Kan. 552, for the proposition that all available administrative remedies must be exhausted, our reading distinguishes it from our case, both factually and legally.

In *J. Enterprises*, a taxpayer brought suit to enjoin the taxing authority from collecting taxes on certain personal property which

was being leased, claiming that it was exempt inventory, thereby entitling it to an injunction to prevent the illegal taxation under K.S.A. 60-907.

The Supreme Court raised the issue of jurisdiction based on the distinction raised in *Mobil Oil* that a court has jurisdiction to enjoin "an order of assessment illegally brought about," but cannot enjoin "an assessment based on the discretion of the assessing authorities." 202 Kan. at 182. The decision in *J. Enterprises* was based on the principle that while the court can review judicial concerns without exhaustion, matters of administrative concern require exhaustion of administrative remedies in order for the court to have jurisdiction. 253 Kan. at 556-57.

The *J. Enterprises* court did not claim that exhaustion was required in all cases and recognized the line of cases we have cited above that allows an injunction for actions outside the authority of the agency or contrary to law, as well as another line of cases allowing review of administrative-type decisions where they were alleged to be so arbitrary, capricious, or oppressive so as to amount to fraud. 253 Kan. at 560.

The controlling analysis of Justice Davis' opinion in *J. Enterprises* is the application of the contrast between what are "administrative" and "judicial" concerns in the interpretation of statutes. 253 Kan. at 556-59. It is a judicial concern when an "action of an administrative official or board [is] taken without authority." *Mobil Oil Corporation v. McHenry*, 200 Kan. 212, 234, 436 P.2d 982 (1968). The central holding of *J. Enterprises* is that a court will not have jurisdiction under K.S.A. 60-907 "where the county taxing authority acts in good faith and its action is taken in accordance with law but may involve an erroneous application of the law." 253 Kan. at 559-60.

In contrast, *J. Enterprises* notes that courts can have jurisdiction where the county's action is without statutory authority, contrary to statute, or, without jurisdiction, or an action of administrative character that is fraudulent, corrupt, or so oppressive, arbitrary, or capricious as to amount to fraud. 253 Kan. at 559-60. In our case, our required scope of review compels a finding that the Commission acted without statutory authority in the Sep-

tember 1993 order and earlier, and without complying with the express requirements of K.S.A. 1993 Supp. 79-1460. This matter may be considered without requiring that the taxes be paid under protest and subsequent administrative requirements be exhausted.

This is not a case where the expertise of the administrative agency needs to be considered. The agency is not charged with enforcing any statute limiting jurisdiction, and we would not be aided by any interpretation given by the Board of Tax Appeals. The question is not an issue such as what is meant by "inventory" but concerns whether the Commission had the jurisdiction to perform the challenged act. The statute that the Commission is alleged to have ignored does not direct it *how* to do its function but restricts its power to do the function at all. "[W]here state and local taxing officials do not perform their duties in accordance with the law, the issue presented to the court is not the exercise of their administrative judgment, but the legality of their acts." *Garvey Grain, Inc. v. McDonald,* 203 Kan. 1, 13, 453 P.2d 59 (1969).

Additionally, taxpayers have specifically alleged facts showing the Commission's actions were without statutory authority and contrary to the statute. These are instances which the *J. Enterprises* court recognized did not require the exhaustion of administrative remedies. It is fundamental that courts have the power to consider the question of whether an agency acts without statutory authority.

The rule which we should apply is well stated in *Whitehead v. City of Fredonia,* 235 Kan. 321, Syl. ¶ 1, 680 P.2d 286 (1984):

"The power of the courts under K.S.A. 60-907(*a*) to grant relief in matters of taxes and assessments imposed by the governing body of a municipality is confined to those situations where the action taken by the governing body is without authority, or permeated with fraud, corruption or conduct so oppressive, arbitrary or capricious as to amount to fraud."

We are concerned here with the Commission's power to act. Taxpayers alleged facts showing the Commission did not abide by the statute which imposed conditions on its power and that it acted beyond the scope of its statutory authority. Such attempts are without power and are void. *Olathe Community Hospital v.*

*Kansas Corporation Comm'n,* 232 Kan. 161, Syl. ¶ 4, 652 P.2d 726 (1982). An agency has no authority or jurisdiction beyond that conferred by authorizing statutes. *Pork Motel, Corp. v. Kansas Dept. of Health and Environment,* 234 Kan. 374, Syl. ¶ 1, 673 P.2d 1126 (1983).

The well-established rule we rely on is expressed in *Harshberger v. Board of County Commissioners,* 201 Kan. 592, 594-95, 442 P.2d 5 (1968): "The courts have no difficulty with their power and authority where taxing bodies are attempting to proceed without statutory authority or contrary to statute." It is true as a general proposition that the correction of error in valuation is an administrative, not a judicial, function. However, this is not a simple correction-of-error-in-valuation case. The issues involved deal with application of the statutes governing taxation and actions taken when no specific statutory power existed.

The Commission was faced with a dilemma and attempted to remedy the mischief caused by its improperly functioning computer system. Unfortunately, the legislature imposed on taxing bodies a specific restriction on their power to adjust property valuations, K.S.A. 1993 Supp. 79-1460, and repealed the county commissions' power to adjust valuations, L. 1992, ch. 282, § 21. The argument here is not that the Commission acted according to its good faith interpretation of what the statutes required, but that the Commission acted contrary to and without statutory authority.

Under K.S.A. 60-907, a taxpayer is entitled to seek injunctive relief from a board or body "doing any act not authorized by law that may result in the creation of an additional levy of a tax, charge or assessment." *DeForest v. Herbert,* 204 Kan. 516, 520, 464 P.2d 265 (1970).

Reversed and remanded.