The Honorable Carol E. Beggs State Representative, 71st District P.O. Box 1222 Salina, Kansas 67402-1222
Dear Representative Beggs:
You request our opinion concerning the application of K.S.A. 1994 Supp. 79-1460. Your questions are as follows:
 "1) What precedential value and deference must a county appraiser give to an arbitrator's decision from one year when establishing property value for subsequent years?
 "2) What precedential value and deference must a county appraiser give to the result of a hearing and appeals process for one year when establishing property values for subsequent years?"
The duty to appraise the tangible property in each assessment district rests with the county appraiser. K.S.A. 1994 Supp.79-1411b. See also Kansans for Fair Taxation v. Miller,889 P.2d 154, 158 (Kan.Ct.App. 1995). The legislature has mandated that county appraisers perform this duty on an annual basis. K.S.A.79-1412a; K.S.A. 1994 Supp. 79-1476. Generally, real property is to be appraised at its fair market value. K.S.A. 1994 Supp.79-501; 79-1439.
The only statutory limitations on the duty of the county appraiser regarding the valuation of nonagricultural real property at fair market value are found in K.S.A. 1994 Supp. 79-1460. This statute provides that the county appraiser may not increase the valuation for real property unless:
 "(a) The record of the latest physical inspection was reviewed by the county or district appraiser, and documentation exists to support such increase in valuation in compliance with the directives and specifications of the director of property valuation, and such record and documentation is available to the affected taxpayer; and (b) for the taxable year next following the taxable year that the valuation for real property has been reduced due to a final determination made pursuant to the valuation appeals process, documented substantial and compelling reasons exist therefor and are provided by the county appraiser." K.S.A. 1994 Supp. 79-1460.
The interpretation of a statute begins with the language itself. "If the language of a statute is clear and unambiguous . . . the plain meaning of the language is conclusive except in the rare case in which `literal application of a statute will produce a result demonstrably at odds with the intention of the drafters.'"National Union Fire Insurance Co. v. Midland Bancor,854 F. Supp. 782, 787 (D.C. Kan. 1994) citing United States v. Ron PairEnterprises, 489 U.S. 235, 241-42 (1989). Because the application of the plain meaning of the language in K.S.A. 1994 Supp. 79-1460 would not result in a conclusion demonstrably at odds with the intention of the drafters, the plain language of the statute is determinative of the questions that you pose.
K.S.A. 1994 Supp. 79-1460 in no way interferes with the authority of the county appraiser to increase the valuation of real property within the assessment district if an increase is necessary to place the property valuation at fair market value. However, the statute places procedural restrictions on the exercise of that duty. Before increasing the valuation of real property, the county appraiser must review the record of the latest physical inspection of the property to determine if documentation exists to support the increase and make the record of this documentation available to the taxpayer. K.S.A. 1994 Supp. 79-1460(a). The determination as to the valuation of the property remains with the county appraiser and must be its fair market value as determined by K.S.A. 1994 Supp. 79-503a and guidelines established by the director of property valuation.
In the year immediately following a reduction in valuation as a result of a final determination made pursuant to a valuation appeal (whether by arbitration through K.S.A. 1994 Supp. 79-1494
or by hearing and appeal through K.S.A. 1994 Supp. 79-1448), the burden of proving the need for an increase in valuation falls on the county appraiser to demonstrate "substantial and compelling reasons" for the increase. Again, this language does not diminish the responsibility of the county appraiser to appraise the property at its fair market value, which may involve an increase. Rather, this provision places a higher burden on the appraiser in demonstrating the reasons for any increase. Furthermore, we note that, pursuant to K.S.A. 1994 Supp. 79-1460, this higher burden of proof only exists for the taxable year immediately following the year in which a valuation was reduced by a final determination made pursuant to the appeal process. In all years subsequent to the one following the appeal determination, the only restriction with respect to an increase in valuation is that the county appraiser must review the record of the latest physical inspection. [Language prohibiting the increase in valuation of property without conducting a new physical inspection was removed from the statute in 1994. L. 1994, ch. 275, sec. 1.]
In conclusion, while it may provide evidence of fair market value, there is no statutory requirement that precedential deference be given to a prior valuation determination made pursuant to an arbitrator's decision or a decision made after a hearing and appeal when determining property valuation in subsequent years. However, in the taxable year immediately following a reduction in valuation by a final determination made by an arbitrator or through a hearing and appeal, the county appraiser must document any increase in valuation with substantial and compelling reasons.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm